**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/12/2026
**IDR reference number:** DISP-5670330

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5670330** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$11,647.48** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025330DX0329 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $11,647.48

Anthem Inc. submitted an offer of $1,747.46

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $11,647.48 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $11,647.48 and provided the following information:

1. A statement that the QPA does not capture the unique values provided. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. Clinical documentation is provided for review. The 22-year-old patient presented as a post-cardiac arrest and neurological emergency. The patient's history of recreational drug use was noted. Ground emergency medical services (EMS) provided cardiopulmonary resuscitation and regained a pulse, altered mental status, shallow respirations, and a distant gaze. The patient was intubated for airway management and ventilator support was initiated. Due to the severity of the patient's condition and the need for advanced critical care and equipment, ground EMS determined that immediate rapid transport and advanced in-transit care was required for time sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment.

3. A statement that the rotor wing aircraft's superior equipment and features allow the crew to offer specialized services beyond those that are required of air ambulance providers.

4. The curriculum vitae for each clinician is provided for review. In addition to their professional requirements, once hired, the medical crew members must complete hundreds of additional training hours. The pilot has 24 years of flight experience and the providers have a combined clinical experience of approximately 33 years.

5. A statement that the parties have agreed on rates prior to this dispute and that the health plan refuses to provide information regarding how rates are calculated.

6. A statement that the group is nationally recognized for the superior quality of care they provide. The group exceeds industry averages in multiple healthcare quality metrics.

7. A statement that the patient was picked up from a rural scene of an emergency.

The non-initiating party, Anthem Inc., provided an offer of $1,747.46 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $1,167.66, and the above-noted information submitted by both parties, C2C finds that the documentation from the initiating party includes a brief that details the background and offer, an argument in support of the offer, and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $11,647.48 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5670330 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5670330 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/12/2026
**IDR reference number:** DISP-5710833

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5710833** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026017CU8572 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Both parties submitted information to be considered by the certified Independent Dispute Resolution (IDR) entity.

The Qualifying Payment Amount (QPA) was considered, along with information on the following additional factors consistent with 45 CFR 149.510:

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Initiating Party submitted information on the above factors: 1, 2, 3, 4, 5, 7

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Non-Initiating Party submitted information on the above factors: 7

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

After considering the QPA for the qualified services under dispute and the only the credible evidence submitted by both parties and requested by National Medical Reviews, it is the arbitrator's determination that the prevailing party's offer best represents the value of the qualified IDR services at issue in this dispute. Any information that was determined not to be credible was not considered or discussed in this decision.

For Factor 1, the QPA was considered and given moderate weight, in favor of the Non-Initiating Party.

The Initiating Party provided some information on Factor 2 as to the quality and outcomes measurements of the provider of the air ambulance services that furnished the services, minimal weight was attributed to this factor.

The member, suffering from a heart attack at the time of transport, was picked up by air ambulance and transported to the hospital. Information was given on the acuity of the individual and the individual's condition requiring the necessity of air transport to the appropriate hospital. Moderate weight was attributed to Factor 3, with emphasis on the acuity of the individual and the complexity of the service provided, in favor of the Initiating Party.

As to Factor 4, moderate weight was given the level of training, experience, and quality of medical personnel of the providers as there was specific information that showed that the air ambulance staff in this case possessed a very high level of training or expertise, in favor of the Initiating Party.

The Initiating Party states that the ambulance vehicle type used was an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N324PH). Moderate weight was placed on Factor 5 in favor of the Initiating Party.

Regarding factor 7, on the issue of "Good Faith", in negotiating, both in contract negotiation and open negotiation on this specific matter, Initiating Party addresses this factor. The Initiating Party provided general information on amounts previously paid for air ambulance services by the Non-Initiating Party. This information was important in determining what the in-network rate might have been had good faith negotiations resulted in the out of network provider being in-network. Moderate weight is given to this factor.

It is the determination that the Initiating Party's offer, as above stated, best represents the value of the qualified IDR service at issue in this dispute. Therefore, the arbitrator has determined the Initiating Party has prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that

Anthem Inc. is the non-prevailing party in DISP-5710833 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5710833 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/12/2026
**IDR reference number:** DISP-5903714

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5903714** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025296EM0342 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources, LLC (PRI) considered the QPA, all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

PRI considered the objection and determined that the dispute was eligible for review.

It is PRI's determination that the offer presented by PHI Health LLC, the initiating party, best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health LLC prevailed.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC.

**Level of Training, Experience, Quality of Medical Personnel**

PHI Health LLC submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services.

**Acuity of the participant, or complexity of furnishing item or service**

PHI Health LLC submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient.

**Quality and Outcome Measurements**

PHI Health LLC submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services.

**Air Ambulance Vehicle Type**

PHI Health LLC submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle.

**Population Density at Point of Pickup**

PHI Health LLC did not submit information regarding the population density of the point of pick-up for the air ambulance.

Anthem Inc. did not submit information regarding the population density of the point of pick-up for the air ambulance.

**Good Faith Efforts**

PHI Health LLC submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other.

**Good Faith Efforts - Prior Contract**

PHI Health LLC did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

Anthem Inc. did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

**Good Faith Efforts - Multiplan**

PHI Health LLC did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

Anthem Inc. did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

**Additional Information - Fair Health Data**

PHI Health LLC did not present data from the Fair Health database.

Anthem Inc. did not present data from the Fair Health database.

**Additional Information - Other**

PHI Health LLC did not present additional information.

Anthem Inc. did not present additional information.

**QPA Addressed**

PHI Health LLC submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the QPA for the applicable year for the qualified IDR item or service.

PRI has considered the QPA and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC. Therefore, PRI has determined that the initiating party prevailed.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at (855) 479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5903714 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5903714 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/13/2026
**IDR reference number:** DISP-5165468

Capitol Bridge, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5165468** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Capitol Bridge, LLC has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025195R13350 under this dispute.

Capitol Bridge, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After considering the qualified item(s) or service(s) under dispute and all the evidence submitted by both parties and requested by Capitol Bridge, it is Capitol Bridge’s determination that the Initiating Party’s offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined the Initiating Party prevailed.

Pursuant to the Federal No Surprises Act ("NSA") restrictions, the arbitrator is prohibited from considering certain factors and has not taken into account any prohibited information when making this decision such as usual and customary charges, the amount that would have been billed by the provider or facility with respect to the qualified IDR item or services had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied, or the payment or reimbursement rate or proportion of rates payable for items and services furnished by the provider or facility by a public payor including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act.

The decision contained herein, consistent with the NSA and its associated regulations, rests on a complete evaluation of the evidence and briefing submitted. In reaching this decision the arbitrator weighed all permissible evidence including: the QPA submitted, the offers submitted by both parties, supporting documentation relevant to the statutory determination factors, as well as all permissible information submitted by the parties. The QPA was considered and not given presumptive consideration.

In reviewing the above noted information submitted by both parties, Capitol Bridge finds that the Initiating Party provided information on the quality and outcomes measurements of the provider indicating that the provider has received recognition, accreditations, and awards for quality and outcomes measurement, meeting or exceeding industry standards in a wide range of metrics measuring quality and outcomes relating to care of patients, response times, and safety record, among others. The Initiating Party supplied information on the acuity of the patient and complexity of furnishing service indicating that the provider performed air ambulance service for a patient with a gunshot wound to the face, transporting the patient from the scene to a hospital after ground EMS determined that immediate rapid transport and advanced in-transit care were required. The patient exhibited swelling and hemorrhage around the mouth, and swelling at the right eye, obstructing vision. The providers conducted a comprehensive pre-transport patient assessment, then transported the patient. During transport, the providers administered medications, blood products, performed monitoring, and communicated a detailed patient report to the receiving facility. The patient was safely delivered to the receiving facility. The Initiating Party provided information relating to the training and experience of the medical personnel providing service indicating that the provider's in-flight care team included a critical care nurse with 13 years of experience and a paramedic with eight years of experience, each with multiple licenses and certifications in a variety of life support procedures. All of provider's clinicians are trained to meet standards that exceed regulatory requirements. The Initiating Party provided information regarding the clinical capabilities of the air ambulance aircraft used to transport the patient indicating that provider's aircraft is equipped with advanced equipment and medications, products and supplies exceeding standards for all levels of emergency critical care, including medications, blood products and equipment used in the treatment of the patient in dispute. These factors made an impact on service and this information demonstrated that the Initiating Party's offer best reflects the appropriate payment amount for this claim.

In determining which offer best represents the value of this service, Capitol Bridge gave the highest weight to information about the quality and outcomes measurements of the provider, the acuity of the patient and complexity of furnishing service, the training and experience of the medical personnel providing service, and the clinical capability of the air ambulance vehicle. The Non-Initiating Party provided an objection which was determined to be invalid and not provide further information in support of its offer.

Accordingly, it is Capitol Bridge's determination that the Initiating Party's offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined that the Initiating Party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Capitol Bridge, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5165468 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5165468 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Capitol Bridge, LLC. Include your IDR Reference number referenced above.

Thank you,

Capitol Bridge, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/13/2026
**IDR reference number:** DISP-5746722

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746722** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$30,910.62** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026005DG4496 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $30,910.62

Anthem Inc. submitted an offer of $4,637.49

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $30,910.62 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $30,910.62 and provided the following information:

1. A statement that there is credible evidence demonstrating the high quality of the provider's air ambulance services, including multiple ways in which that care materially exceeds industry baselines and regulatory requirements.

2. A statement that the health plans market share is approximately 41 percent, making it the largest insurer in the state.

3. A statement that the provider and its staff are nationally recognized for the superior quality of care, including multiple awards from the American Heart Association, multiple aviation safety awards from the Association of Air Medical Services, multiple awards from the International Association of Flight & Critical Care Paramedics, and repeated recognition by regional emergency medical services, such as the Arizona Emergency Medical Services' Ace of Hearts Award.

4. A statement that this transport was carried out by high-quality personnel with multiple certifications, including Basic Life Support (BLS), Advanced Cardiovascular Life Support (ACLS), and numerous trauma certifications.

5. Documentation on the ambulance vehicle type and clinical capabilities.

6. A statement that the air medical team was comprised of a critical care registered nurse and a critical care paramedic, conducted a comprehensive pre-transport patient assessment, checking the patient's neurological, respiratory, cardiovascular, and cardiac, vitals, and conducting a comprehensive head-to-toe physical examination to identify any additional issues, noting the patient's condition and ensuring the patient was stabilized for safe transfer.

7. A statement that the rural area location was less densely populated than the geographic region used to determine the QPA.

8. A statement that the patient required a higher level of evaluation, management, and intervention, including neurology, interventional neurology, and intensive care services, that was unavailable locally. Ground

emergency specialist assessed the patient and determined that air ambulance was necessary to reduce out-of-hospital time, and the need for two critical care providers.

9. The patient’s clinical summary indicates that the patient presented with neurological symptoms. The patient was experiencing expressive aphasia and was air lifted to a higher level acuity facility.

The non-initiating party, Anthem Inc., provided an offer of $4,637.49 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $3,098.79, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $30,910.62 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746722 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746722 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**

Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/13/2026
**IDR reference number:** DISP-5857131

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5857131** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$5,400.78** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25308P009018SA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $5,400.78

Blue Cross Blue Shield of Virginia submitted an offer of $739.31

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting ambulance vehicle type, including clinical capabilities of vehicle, added significant weight in reaching a payment determination. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements added significant weight in reaching a payment determination. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination. The Initiating party's information regarding the quality and outcome measurements of the provider was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-5857131 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5857131 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **May 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/13/2026
**IDR reference number:** DISP-5903048

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5903048** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$21,055.06** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025284BI9062 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $21,055.06

Anthem Inc. submitted an offer of $3,158.87

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Provider Resources, LLC (PRI) considered the QPA, all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

PRI considered the objection and determined that the dispute was eligible for review.

It is PRI's determination that the offer presented by PHI Health LLC, the initiating party, best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health LLC prevailed.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC.

**Level of Training, Experience, Quality of Medical Personnel**

PHI Health LLC submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services.

**Acuity of the participant, or complexity of furnishing item or service**

PHI Health LLC submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient.

**Quality and Outcome Measurements**

PHI Health LLC submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services.

**Air Ambulance Vehicle Type**

PHI Health LLC submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle.

**Population Density at Point of Pickup**

PHI Health LLC submitted information regarding the population density of the point of pick-up for the air ambulance. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the population density of the point of pick-up for the air ambulance.

**Good Faith Efforts**

PHI Health LLC submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other.

**Good Faith Efforts - Prior Contract**

PHI Health LLC did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

Anthem Inc. did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

**Good Faith Efforts - Multiplan**

PHI Health LLC did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

Anthem Inc. did not submit information demonstrating that a prior agreement through the Multiplan, Inc. network existed.

**Additional Information - Fair Health Data**

PHI Health LLC did not present data from the Fair Health database.

Anthem Inc. did not present data from the Fair Health database.

**Additional Information - Other**

PHI Health LLC presented additional information related to the offer that was not a prohibited factor. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not present additional information.

**QPA Addressed**

PHI Health LLC submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the QPA for the applicable year for the qualified IDR item or service.

PRI has considered the QPA and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC. Therefore, PRI has determined that the initiating party prevailed.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at (855) 479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5903048 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5903048 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/14/2026
**IDR reference number:** DISP-5089646

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5089646** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025286BR9748 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $42,009.05 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, provided credible evidence of PHI's high-quality clinical care, timely service, and exemplary safety record thus support selecting PHI's offers. As an example, the initiating party stated, "The Federal Aviation Administration (FAA) has on several occasions adopted industry-wide safety protocols pioneered by PHI years earlier. For example, PHI developed and introduced in 2006 the Enhanced Operational Control Matrix, which the FAA later adopted in 2014 as a best practice. PHI was the first company of its size to equip all of its aircraft with night-vision goggles. PHI increased Inadvertent Instrument Meteorological Conditions training through Line Oriented Flight Training. PHI has installed new emergency locator transmitters with upgraded military frequency on all of its aircraft." This information is given significant weight. This quality and outcomes measurements factor impacted the payment determination. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient's acuity, as evidenced by the initiating party's submission of medical records dated 10/02/2025. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience as evidenced by the initiating party's submission of each rendering provider's summary of experience. This information is given significant weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, the air ambulance vehicle type, ROTOR, and full ambulance capabilities, as provided in exhibit 14 by the initiating party. This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "PHI treated and transported Patient from a rural scene in Halifax County, Virginia to Duke University Hospital." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, "PHI had long-time network agreements with Blue Cross Blue Shield affiliates of Anthem, Inc. (now known as Elevance Health, Inc.), which it entered between November 2014 and December 2017. Those agreements covered certain air ambulance services provided by PHI in Indiana as well as in Kentucky, Ohio, and Virginia. Unfortunately, Anthem's refusal to negotiate updated contractual terms or pay market rates for PHI's services, together with Anthem's failure to process claims in a timely and efficient manner, required PHI to become an out-of-network provider." This information is given minimal weight. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given some weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5089646 and is responsible for paying the

certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5089646 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/14/2026
**IDR reference number:** DISP-5758764

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5758764** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, MCMC Services, LLC has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025322CC6497 under this dispute.

MCMC Services, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $33,000.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $42009.05 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children’s Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, the air ambulance provider’s quality or outcomes were described. This information is given significant weight. This quality and outcomes measurements factor impacted the payment determination. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient’s condition or the complexity of the transport was described. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the training and experience of the medical personnel were described. This information is given significant weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, the type of air ambulance vehicle and its clinical capabilities were described. This information is given significant weight. This air ambulance vehicle type factor impacted the payment determination. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, prior contracting efforts or historical contracted rates were described. This information is given significant weight. This demonstrations of good faith efforts factor impacted the payment determination. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given some weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5758764 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5758764 was PHI Health LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/14/2026
**IDR reference number:** DISP-5903715

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5903715** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$4,927.78** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025296EM0342 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $4,927.78

Anthem Inc. submitted an offer of $739.31

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

In the disputed case multi-award winning PHI Health LLC transported a 62-year-old male suffering an acute heart attack to the UVA Prince William Hospital Cardiac Cath Lab where the patient was accepted for emergency catheterization. The transport utilized specialized equipment including an infusion pump, oxygen, and Zoll monitor. PHI Health LLC has earned an exemplary safety record with no accidents during the past eight years. Anthem Blue Cross and Blue Shield Virginia’s (“Anthem”) market share in the state of Virginia is approximately 43%, making it the largest commercial insurer in the state, and suggesting that its

bargaining power and negotiating leverage are disproportional to those of the initiating party. Anthem provided no statement in support of its offer. The initiating party participated more fully in the Independent Dispute Resolution process than did the non-initiating party. In determining which offer best represents the value of the service, the highest weight was given to the absence of a statement in support of the non-initiating party's offer. Consequently, the initiating party's offer is determined to be the appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Anthem Inc. is the non-prevailing party in DISP-5903715 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5903715 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/15/2026
**IDR reference number:** DISP-5802636

Capitol Bridge, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5802636** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Capitol Bridge, LLC has determined that the out-of-network payment amount of **$24,190.92** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025328337566 under this dispute.

Capitol Bridge, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $24,190.92

Anthem Inc. submitted an offer of $3,629.34

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Pursuant to the Federal No Surprises Act (“NSA”) restrictions, the arbitrator is prohibited from considering certain factors and has not taken into account any prohibited information when making this decision such as usual and customary charges, the amount that would have been billed by the provider or facility with respect to the qualified IDR item or services had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied, or the payment or reimbursement rate or proportion of rates payable for items and services furnished by the provider or facility by a public payor including under the Medicare program under

title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act.

The decision contained herein, consistent with the NSA and its associated regulations, rests on a complete evaluation of the evidence and briefing submitted. In reaching this decision the arbitrator weighed all permissible evidence including: the QPA submitted, the offers submitted by both parties, supporting documentation relevant to the statutory determination factors, as well as all permissible information submitted by the parties. The QPA was considered and not given presumptive consideration.

In reviewing the above noted information, Capitol Bridge finds that the Initiating Party supplied information on the acuity of the patient and the complexity of service, submitting evidence that a patient with a history of lymph node cancer, gastroesophageal reflux disease, and hypertension, presented to the sending facility's emergency department via ambulance for evaluation of right-sided neurological deficits and a fixed gaze toward the left; testing confirmed a stroke (left M1 occlusion and subarachnoid head bleed); due to the patient's critical condition and the need for advanced equipment and care that exceeded the care provided by ground ambulance providers, the attending physician determined that the patient required immediate air ambulance transport for time-sensitive emergency care including interventional neurology services that were unavailable at the sending facility; the higher-level receiving facility agreed to accept the patient, and the attending physician determined that the benefits of the transfer outweighed the risks. Significant weight was given to this factor. The Initiating Party also provided information and evidence that during the transport, the patient received ICU level monitoring, including serial neurological assessments for signs of deterioration, and the patient remained stable during transport. Significant weight was given to this factor. And the Initiating Party provided information and evidence demonstrating that the flight crew for this transport was highly experienced: the flight nurse had 21 years of nursing experience, with 16 years as a registered nurse, including Emergency/Trauma nursing, and over 5 years as a registered Flight Nurse; the Flight Paramedic had over 20 years of experience as an EMT; and the pilot had 24 years of flight experience. Significant weight was given to this factor. These factors made an impact on service, and this information demonstrates that the Initiating Party's offer reflects the appropriate payment amount for this claim. The Non-Initiating Party submitted an offer and an objection.

In determining which offer best represents the value of this service, Capitol Bridge gave the highest weight to information about the acuity of the patient and the clinical services received during transport, and the experience of the flight staff.

Accordingly, it is Capitol Bridge's determination that the Initiating Party's offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined that the Initiating Party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Capitol Bridge, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5802636 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5802636 was PHI Health LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 15, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Capitol Bridge, LLC. Include your IDR Reference number referenced above.

Thank you,

Capitol Bridge, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5746356

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746356** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026002DG0107 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the provider is accredited through the Commission on Accreditation of Medical Transport Systems (CAMTS). Additionally, the provider has received national recognition for the quality of care provided.

2. A statement that the patient, a one-year-old male, presented to the sending facility by ground ambulance after experiencing prolonged seizures at home. Upon arrival, an examination and diagnostic testing were completed, confirming a diagnosis of status epilepticus. Due to the severity of the patient's condition and the need for advanced equipment and care, the physician determined rapid air transport was required to a higher-level facility.

3. A statement that the clinicians held licensures and certifications, including advanced cardiac life support, basic life support, and pediatric advanced life support.

4. A statement that the aircraft was a rotor wing that can accommodate up to two clinicians to care for patients.

5. A statement that the patient was picked up inside a metropolitan statistical area with a population of 89,313.

The non-initiating party, Anthem Inc., provided an offer of $8,804.56 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the six circumstances

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746356 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746356 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5746720

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746720** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026005DG4496 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one-way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the initiating party is nationally recognized for the superior quality of care that they provide. A list of accolades was provided. Additionally, the provider’s accident and fatality rates are significantly lower than those of its three largest competitors.

2. A clinical summary indicating that a 60-year-old patient was suffering from a neurological emergency. Due to the severity of the patient’s condition and the need for advanced medical equipment and care, ground transport determined that immediate, rapid air transport and advanced in-transit care were required for time-sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment.

3. A statement that the pilot has 21 years of flight experience, and the clinicians hold many certifications that have benefited the patient. The provider’s curriculum vitae was included in the documentation.

4. A statement that the initiating party's high-quality and well-equipped aircraft permit them to deliver a high level of care to their patients. The provider contends that the aircraft's superior equipment and features enable it to offer specialized services beyond those required of air ambulance providers.

5. A statement that the patient was transported from a rural area.

6. A statement that the provider was previously in contract agreements with the health plan until the contract was terminated in August 2023, after the health plan refused to negotiate updated contractual terms or pay market rates and failed to process claims in a timely and efficient manner. Email correspondence was included demonstrating the provider’s attempts to negotiate an in-network agreement dated May 8, 2024, and the provider’s notice of termination dated September 21, 2023.

The non-initiating party, Anthem Inc., provided an offer of $12,952.48 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746720 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746720 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5746985

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746985** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026002DH3060 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the 21-year-old patient suffered with a history of sunken chest and acute anaphylactic shock and bilateral pulmonary embolisms. On the day of transport, the patient presented to the sending facility with critically low blood pressure levels and chest pain. Due to the critical nature of the patient's condition and the need for advanced critical care and equipment that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required for time sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the air transport team conducted a comprehensive pre-transport patient assessment. During the flight, the team provided advanced care, applying cardiac monitoring, administering oxygen therapy, administering infusion pumps of intravenous (IV) fluids, Levophed, and Epinephrine for hemodynamic support, closely monitoring the patient's blood pressure, vital signs oxygen levels, and condition, and remaining prepared to address any emergent needs. From the time of initial assessment through the completion of transport, the patient required treatment and continuous monitoring. The presenting clinical status supported the need for immediate care to cardiology, immunology, pulmonology, interventional pulmonology, and intensive care services. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a critical care registered nurse, and a pilot with 35 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft’s superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft’s vehicle type and clinical capabilities are included for review.

6. A statement that the patient required air ambulance transport from a rural location. The pickup location was less densely populated than the geographic region used to determine the QPA. Due to this patient’s location, air ambulance service was of critical importance to ensure prompt treatment of the patient. Ground transportation would have taken far longer to reach the patient and deliver the patient to the hospital, and it would not have provided the same level of care. Ground transport time would have been 37 minutes versus 14 minutes by air. Additionally, low-density points of pickup support higher reimbursement as the provider is required to fly longer distances without a patient on-board, and therefore, does not include the distance used to calculate mileage payments.

7. A statement that the provider has been committed to entering network agreements and remains engaged in ongoing negotiations; however, commercial payers frequently refuse to negotiate rates that reasonably value the provider’s services.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $12,952.48 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746985 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of

this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746985 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5746986

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746986** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$8,959.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026002DH3060 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $8,959.60

Anthem Inc. submitted an offer of $1,344.20

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $8,959.60 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $8,959.60 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the 21-year-old patient suffered with a history of sunken chest and acute anaphylactic shock and bilateral pulmonary embolisms. On the day of transport, the patient presented to the sending facility with critically low blood pressure levels and chest pain. Due to the critical nature of the patient's condition and the need for advanced critical care and equipment that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required for time sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the air transport team conducted a comprehensive pre-transport patient assessment. During the flight, the team provided advanced care, applying cardiac monitoring, administering oxygen therapy, administering infusion pumps of intravenous (IV) fluids, Levophed, and Epinephrine for hemodynamic support, closely monitoring the patient's blood pressure, vital signs oxygen levels, and condition, and remaining prepared to address any emergent needs. From the time of initial assessment through the completion of transport, the patient required treatment and continuous monitoring. The presenting clinical status supported the need for immediate care to cardiology, immunology, pulmonology, interventional pulmonology, and intensive care services. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a critical care registered nurse, and a pilot with 35 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the patient required air ambulance transport from a rural location. The pickup location was less densely populated than the geographic region used to determine the QPA. Due to this patient's location, air ambulance service was of critical importance to ensure prompt treatment of the patient. Ground transportation would have taken far longer to reach the patient and deliver the patient to the hospital, and it would not have provided the same level of care. Ground transport time would have been 37 minutes versus 14 minutes by air. Additionally, low-density points of pickup support higher reimbursement as the provider is required to fly longer distances without a patient on-board, and therefore, does not include the distance used to calculate mileage payments.

7. A statement that the provider has been committed to entering network agreements and remains engaged in ongoing negotiations; however, commercial payers frequently refuse to negotiate rates that reasonably value the provider's services.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $1,344.20 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $898.20, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $8,959.60 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746986 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746986 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5771963

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5771963** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$60,029.32** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025302FE2257 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $60,029.32

Anthem Inc. submitted an offer of $9,006.14

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Both parties submitted information to be considered by the certified Independent Dispute Resolution (IDR) entity. The Qualifying Payment Amount (QPA) was considered, along with information on the following additional factors consistent with 45 CFR 149.510:

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Initiating Party submitted information on the above factors: 1, 2, 3, 4, 5, 6, 7

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Non-Initiating Party submitted information on the above factors: 7

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

After considering the Qualifying Payment Amount (QPA) for the qualified services under dispute and the only the credible evidence submitted by both parties and requested by National Medical Reviews, it is the arbitrator's determination that the prevailing party's offer best represents the value of the qualified IDR services at issue in this dispute. Any information that was determined not to be credible was not considered or discussed in this decision.

For Factor 1, the QPA was considered and given moderate weight, in favor of the Non-Initiating Party.

The Initiating Party provided some information on Factor 2 as to the quality and outcomes measurements of the provider of the air ambulance services that furnished the services, minimal weight was attributed to this factor.

The member, suffering from serious burns at the time of transport, was picked up by air ambulance and transported to the hospital. Information was given on the acuity of the individual and the individual's condition requiring the necessity of air transport to the appropriate hospital. Moderate weight was attributed to Factor 3, with emphasis on the acuity of the individual and the complexity of the service provided, in favor of the Initiating Party.

As to Factor 4, moderate weight was given the level of training, experience, and quality of medical personnel of the providers as there was specific information that showed that the air ambulance staff in this case possessed a very high level of training or expertise, in favor of the Initiating Party.

The Initiating Party states that the ambulance vehicle type used was an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N385PH). Moderate weight was placed on Factor 5 in favor of the Initiating Party.

For Factor 6, moderate weight was placed in favor of the Initiating Party on the density of the pick-up point as it was located in zip code 24421 with a population density of 78.03 people per square mile.

Regarding factor 7, on the issue of "Good Faith", in negotiating, both in contract negotiation and open negotiation on this specific matter, Initiating Party addresses this factor. The Initiating Party provided general information on amounts previously paid for air ambulance services by the Non-Initiating Party. This information was important in determining what the in-network rate might have been had good faith negotiations resulted in the out of network provider being in-network. Moderate weight is given to this factor.

It is the determination that the Initiating Party's offer, as above stated, best represents the value of the qualified IDR service at issue in this dispute. Therefore, the Initiating Party has prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that

Anthem Inc. is the non-prevailing party in DISP-5771963 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5771963 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5838489

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5838489** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$45,040.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 25304P014377SA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $45,040.80

Blue Cross Blue Shield Virginia submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting ambulance vehicle type, including clinical capabilities of vehicle, added significant weight in reaching a payment determination. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements added significant weight in reaching a payment determination. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination. The Initiating party's information regarding the quality and outcome measurements of the provider was of limited value in reaching a payment determination in this matter. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the Initiating Party had exceeded the four-day timeline. Further review found the claim had been previously submitted and granted an extension or closed for:
•Cooling-off period
•Incorrect batching
•Administrative error on Initiation
Therefore, the dispute is eligible for untimely submission and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-5838489 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5838489 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5839254

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5839254** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$45,040.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 25350L008416HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $45,040.80

Blue Cross Blue Shield Virginia submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting ambulance vehicle type, including clinical capabilities of vehicle, added significant weight in reaching a payment determination. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements added significant weight in reaching a payment determination. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination. The Initiating party's information regarding the quality and outcome measurements of the provider was of limited value in reaching a payment determination in this matter. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the Initiating Party had exceeded the four-day timeline. Further review found the claim had been previously submitted and granted an extension or closed for:
•Cooling-off period
•Incorrect batching
•Administrative error on Initiation
Therefore, the dispute is eligible for untimely submission and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-5839254 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5839254 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message*

*is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/18/2026
**IDR reference number:** DISP-5857468

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5857468** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$5,891.76** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25304P014377SA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $5,891.76

Blue Cross Blue Shield of Virginia submitted an offer of $538.92

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's evidence supporting ambulance vehicle type, including clinical capabilities of vehicle, added significant weight in reaching a payment determination. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements added significant weight in reaching a payment determination. The Initiating party's credible evidence of prior contracted rates and good faith negotiations effort was of substantial weight in this adjudication. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination. The Initiating party's information regarding the quality and outcome measurements of the provider was of limited value in reaching a payment determination in this matter. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the Initiating Party had exceeded the four-day timeline. Further review found the claim had been previously submitted and granted an extension or closed for:
•Cooling-off period
•Incorrect batching
•Administrative error on Initiation
Therefore, the dispute is eligible for untimely submission and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-5857468 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5857468 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **May 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-4968141

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4968141** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025203R10547 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about July 6, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4968141 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4968141 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5093526

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5093526** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$5,375.76** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025167R11789 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $5,375.76

Anthem Inc. submitted an offer of $806.52

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about May 27, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5093526 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5093526 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112377

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112377** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025282ES0276 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 1, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112377 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112377 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5112522

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112522** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025284BJ2167 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 3, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112522 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112522 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5517859

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5517859** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$18,815.16** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025324CH5127 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $18,815.16

Anthem Inc. submitted an offer of $2,822.82

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 7, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low

population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5517859 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5517859 was PHI Health LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5617239

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5617239** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025272R10255 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Blue Cross Blue Shield Virginia submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 9, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Virginia, did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further

confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-5617239 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5617239 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5629732

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5629732** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025350EV6188 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about December 11, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5629732 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5629732 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/22/2026
**IDR reference number:** DISP-5746358

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5746358** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$37,182.34** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026002DG0107 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $37,182.34

Anthem Inc. submitted an offer of $3,727.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $37,182.34 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $37,182.34 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the one-year-old patient, with a history of brain tumors, was suffering from pediatric status epilepticus. The patient was brought to the sending facility by ground ambulance after experiencing prolonged seizures at home. Subsequently, the patient was intubated due to persistent seizures. Due to the severity of the patient's condition and the need for advanced equipment that exceeded the care capabilities of the ground ambulance, the attending physician determined that immediate air transport was required for time-sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment.

4. A statement that the crew comprised a pilot with 27 years of flight experience; a bachelor-prepared certified flight registered nurse; and a certified flight paramedic.

5. A statement that the air ambulance utilized was a Bell Rotor Wing BH407.

6. A statement that the point of pickup was inside a metropolitan statistical area. The time for ground transport was 120 minutes, versus 50 minutes by air.

7. A statement that the provider had a long-time network agreement with the plan that ended because the plan refused to negotiate updated contractual terms or pay market rates. The provider contends that its offer is consistent with prior reimbursement agreements with the plan.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $3,727.53 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $3,727.53, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $37,182.34 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5746358 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5746358 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 22, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/25/2026
**IDR reference number:** DISP-4979144

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4979144** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$18,815.16** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025182R11202 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $18,815.16

Anthem Inc. submitted an offer of $2,822.82

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about June 12, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-4979144 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4979144 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/25/2026
**IDR reference number:** DISP-5112212

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112212** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$18,367.18** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025284BJ8616 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $18,367.18

Anthem Inc. submitted an offer of $2,755.61

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 28, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112212 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112212 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/25/2026
**IDR reference number:** DISP-5488461

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5488461** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$17,471.22** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025324CH8035 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $17,471.22

Anthem Inc. submitted an offer of $2,621.19

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 20, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5488461 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5488461 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/25/2026
**IDR reference number:** DISP-5663616

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5663616** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$19,263.14** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025182R11344 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $19,263.14

Blue Cross Blue Shield Virginia submitted an offer of $2,890.03

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about June 14, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Blue Cross Blue Shield Virginia, did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further

confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-5663616 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5663616 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **May 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5076483

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5076483** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$9,407.58** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025309FE1049 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $9,407.58

Anthem Inc. submitted an offer of $1,411.41

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 23, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5076483 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5076483 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5506807

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5506807** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$7,615.66** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025319CU7279 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $7,615.66

Anthem Inc. submitted an offer of $1,142.57

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 5, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI’s offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5506807 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5506807 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5507259

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5507259** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025330DX2037 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about November 12, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5507259 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5507259 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5546442

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5546442** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$9,407.58** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025279R11650 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $9,407.58

Anthem Inc. submitted an offer of $943.11

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 18, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5546442 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of

this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5546442 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 187185069. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5558128

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5558128** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$25,534.86** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025338EZ7888 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $25,534.86

Anthem Inc. submitted an offer of $2,559.87

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services provided on or about November 15, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5558128 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5558128 was PHI Health LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5558129

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5558129** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025338EZ7888 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services provided on or about November 15, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider’s level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI’s offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI’s offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI’s offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5558129 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5558129 was PHI Health LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5590413

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5590413** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025241RB0025 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 8, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider’s level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density, and this evidence helps support PHI's offer. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5590413 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of

this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5590413 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 119406620. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-5839145

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5839145** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$45,040.80** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 25308L005409XB under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $45,040.80

ANTHEM BLUE CROSS BLUE SHIELD FEP submitted an offer of

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC's offer best represents the value of the services that are the subject of this unique payment determination.

A Default Determination has been reached by FHAS for DISP-5839145. Your case was eligible for a Default Determination because one party submitted both offer and payment to the IDRE within 10 business days of the IDR entity requesting offer and payment.

The initiating party has submitted payment and has submitted an offer by 05/18/2026. The non-initiating party has submitted payment and has not submitted an offer by 05/18/2026.

As a result, A Default Determination has been reached by FHAS for DISP-5839145.

• Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the Initiating Party had exceeded the four-day timeline. Further review found the claim had been previously submitted and granted an extension or closed for:
•Cooling-off period
•Incorrect batching
•Administrative error on Initiation
Therefore, the dispute is eligible for untimely submission and the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that ANTHEM BLUE CROSS BLUE SHIELD FEP is the non-prevailing party in DISP-5839145 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5839145 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was ANTHEM BLUE CROSS BLUE SHIELD FEP. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/26/2026
**IDR reference number:** DISP-6039582

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6039582** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$13,256.46** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25308L005409XB under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $13,256.46

ANTHEM BLUE CROSS BLUE SHIELD FEP submitted an offer of

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

A Default Determination has been reached by FHAS for DISP-6039582. Your case was eligible for a Default Determination because one party submitted both offer and payment to the IDRE within 10 business days of the IDR entity requesting offer and payment.

The initiating party has submitted payment and has submitted an offer by 05/18/2026. The non-initiating party has submitted payment and has not submitted an offer by 05/18/2026.

As a result, A Default Determination has been reached by FHAS for DISP-6039582.

• Single offer and single fee received

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that ANTHEM BLUE CROSS BLUE SHIELD FEP is the non-prevailing party in DISP-6039582 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6039582 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was ANTHEM BLUE CROSS BLUE SHIELD FEP. The 90-calendar day cooling off period begins on **May 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/27/2026
**IDR reference number:** DISP-5803192

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5803192** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$15,231.32** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025338EF1666 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health LLC submitted an offer of $15,231.32

Anthem Inc. submitted an offer of $2,285.14

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $15,231.32 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems ("CAMTS"). This includes the PHI program that transported the Patient. CAMTS is a non-profit organization dedicated to improving the quality and safety of medical transport services. CAMTS's 19 member organizations include leading medical professional societies. CAMTS's accreditation standards are rigorous and include many standards governing quality of care. A majority of states in which PHI does business do not require CAMTS accreditation. PHI voluntarily meets these rigorous standards demonstrates PHI's superior quality of care." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient's acuity, as evidenced by the initiating party's submission of medical records dated 11/28/2025. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience, as evidenced by the initiating party's submission of each rendering provider's curriculum vitae. This information is given some weight. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, per their submitted attachment (Exhibit 14- Adult Equipment Package List), the clinical capabilities of the air ambulance vehicle. This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, the point of pick-up as Stafford, Virginia. This information is given minimal weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, "PHI has long been committed to entering network agreements that provide mutual benefit to PHI, its patients, and payors. PHI is a network provider for multiple major payors; and PHI has engaged—and remains engaged—in ongoing negotiations with payors to increase its number of network agreements." However, the initiating party did not provide proof of these efforts within the past 4 plan years. This information is given no weight. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party provided copies of previous Federal dispute resolution forms. This is not considered historical rates. This information is given no weight. The initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5803192 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5803192 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 27, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5112379

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112379** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$24,190.92** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025282ES0276 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $24,190.92

Anthem Inc. submitted an offer of $3,637.71

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 1, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112379 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112379 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5517858

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5517858** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025324CH5127 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about November 7, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5517858 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5517858 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-5533573

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5533573** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025353EK4825 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $42009.05 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, The initiating party submitted extensive documentation supporting the quality and outcome measurements of the provider that furnished the air transport services for this patient. This information is given some weight. This quality and outcomes measurements factor impacted the payment determination. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, Patient Summary

The patient is a 64-year-old male, date of birth August 1, 1961, weight 80 kg, who was transported by critical care air medical helicopter on December 14, 2025, on an emergent scene response for major trauma requiring time-sensitive trauma services not available locally. He was working with cattle when he was run over, knocked prone, and trampled across the back, with no loss of consciousness. On EMS arrival he had no obvious external trauma but significant sensory and motor deficits in all four extremities, with a systolic blood pressure in the 120s and heart rate in the 80s. Ground EMS administered 1 gram of tranexamic acid for the mechanism along with approximately 800 mL of normal saline, and established bilateral peripheral IVs. Helicopter EMS was requested for rapid transport of a patient with suspected spinal cord injury, with ground transport estimated at 80 minutes versus a 20-minute flight.

On flight crew assessment, the patient was alert and oriented with a Glasgow Coma Scale of 15 but had pain with paresthesias and abnormal motor function and sensation in all four extremities, with normal pulses, consistent with a suspected spinal cord injury. He had upper cervical midline pain without stepoff, a crush injury to the back without obvious external trauma, priapism, and pupils equal and reactive. The clinical impression was traumatic neck injury with neurogenic shock physiology, and initial and final acuity were critical. The crew consisted of a flight paramedic and a flight nurse operating as a critical care team under VFR flight at a maximum altitude of 3000 feet.

Shortly after the crew assumed care, the patient's systolic blood pressure dropped into the 80s with a heart rate in the 40s, and his color was reported as ashen, concerning for spinal cord injury with neurogenic shock. An epinephrine infusion was prepared and initiated at 2.5 mcg per minute and later increased to 5 mcg per minute for a mean arterial pressure below 65. Fentanyl 50 mcg IV was given for arm pain with paresthesias.

For undifferentiated shock in the setting of trauma, the crew administered O-positive whole blood, 500 mL, under emergent transfusion protocol with a blood warmer. Tranexamic acid 1 gram IV was given to complete a 2-gram dose, ondansetron 4 mg IV was given for nausea prophylaxis, and oxygen was initiated at 2 liters per minute by nasal cannula with end-tidal CO2 capability to maintain saturation above 93 percent. Crystalloid intake during care totaled 800 mL with 400 mL colloid. The patient remained alert throughout without requiring intubation or sedation.

The transport timeline recorded a symptom onset at 14:15, dispatch at 14:49, en route at 15:09, arrival at the scene staging location at 15:28, patient contact at 15:30, departure with the patient at 15:41, arrival at the receiving facility at 16:01, and transfer of care at 16:03. The patient was flown to a Level 1 trauma center, selected as the closest appropriate facility, and a trauma alert was called ahead by radio. Upon offloading, the patient reported new-onset difficulty breathing, which was relayed to the receiving emergency department, and care and documentation were transferred to the trauma team in the trauma bay with a systolic blood pressure of 125 at transfer following the increase in epinephrine. There were no response, scene, or transportation factors affecting care. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, Provider Background

The provider is a board-certified Emergency Medicine physician with extensive experience in emergency medicine and air medical transport, including long-standing service in air ambulance medical direction.

Undergraduate training was completed at Carroll College in Helena, Montana, where the provider earned a Bachelor of Arts in Biology in 1990. The provider then earned the Doctor of Medicine degree from the University of Washington School of Medicine in Seattle in 1994. Postgraduate training followed at Wayne State University and Detroit Receiving Hospital, beginning with a combined Emergency/Internal Medicine internship from 1994 to 1995, followed by an Emergency Medicine residency from 1995 to 1997. The provider achieved board certification in Emergency Medicine in 1999.

The provider's clinical employment includes Shasta Emergency Medical Group from 1998 to 2006, California Emergency Physicians from 2007 to 2015, and Benefis Medical Group from 2015 to the present. The provider has additionally served with PHI Air Medical since 2005. Hospital appointments over this period have included Mercy Medical Center in Redding and St. Elizabeth's Community Hospital in Red Bluff, California, from 1998 to 2015; Redwood Memorial Hospital in Fortuna and St. Joseph Hospital in Eureka, California, on the emergency medicine staff from 2010 to 2013; Mercy General Hospital and Methodist Hospital of Sacramento from 2013 to 2014; and Benefis Hospital in Great Falls, Montana, from 2015 to the present.

The provider holds academic appointments as an Assistant Clinical Professor in the Department of Community and Family Medicine at the University of California Davis from 1998 to 2015, and as a Clinical Instructor in Emergency Medicine at the University of Washington School of Medicine since 2019.

The provider has held an extensive series of medical direction and advisory roles, particularly in emergency medical services and air medical transport. These include Medical Director for Trinity County Life Support and Mercy Advanced Life Support from 1999 to 2008, Medical Director for Mercy Emergency Transport Services and Mercy Air Ambulance from 1999 to 2005, Medical Director for PHI Air Medical since 2005, Medical Director for Benefis Mercy Flight in Great Falls since 2015, and Medical Director for Great Falls EMS from 2016 to 2020. The provider also served on the Montana Board of Medical Examiners EMS Medical Direction Committee from 2018 to 2020, has served on the Air Medical Physician Association Board of Directors as a Board Member at Large since 2018, and serves as Medical Advisor for the National Ski Patrol Northern Division since 2019. Earlier advisory roles included Medical Advisor positions for Lassen Volcanic National Park, Lava Beds National Monument, and Whiskeytown National Recreation Area

during the 2001 to 2008 period. This information is given significant weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, Air transport services were rendered in an Air Care for Air Transport helicopter. This information is given some weight. This air ambulance vehicle type factor impacted the payment determination. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, prior contracting efforts or historical contracted rates between the parties. This information is given some weight. The non-initiating party stated, prior contracting efforts or historical contracted rates between the parties. This information is given some weight.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given significant weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-5533573 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5533573 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6020685

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6020685** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$18,166.26** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25224L010778XB under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $18,166.26

Anthem Blue Cross Blue Shield Federal Employee Program submitted an offer of $2,486.77

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Anthem Blue Cross Blue Shield Federal Employee Program is the non-prevailing party in DISP-6020685 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6020685 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Blue Cross Blue Shield Federal Employee Program. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6021141

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6021141** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$31,734.36** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 26013L015767HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $31,734.36

Blue Cross Blue Shield of Virginia submitted an offer of $4,234.23

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has

determined that Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-6021141 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6021141 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6038791

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6038791** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$10,801.56** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25350L008416HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $10,801.56

Anthem Blue Cross Blue Shield of Virginia submitted an offer of $1,478.62

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has

determined that Anthem Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-6038791 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6038791 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6039184

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6039184** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$25,039.98** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25181L011691XC under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $25,039.98

Blue Cross Blue Shield of Virginia submitted an offer of $3,427.71

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has

determined that Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-6039184 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6039184 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6039878

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6039878** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$10,801.56** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25311L002069XA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $10,801.56

Anthem Blue Cross Blue Shield Federal Employee Program submitted an offer of $1,478.62

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's information regarding prior contracted rates and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Anthem Blue Cross Blue Shield Federal Employee Program is the non-prevailing party in DISP-6039878 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6039878 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Blue Cross Blue Shield Federal Employee Program. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/28/2026
**IDR reference number:** DISP-6040081

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6040081** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$13,256.46** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 25311L002071HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $13,256.46

ANTHEM BCBS FEDERAL EMPLOYEE PROGRAM submitted an offer of $1,814.67

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's information regarding the level of training and experience and/ or the quality and outcome measurements was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting patient acuity added significant weight in reaching a payment determination. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's information regarding the QPA was of limited value in reaching a payment determination in this matter. The Initiating party's evidence supporting the quality and outcome measurements added significant weight in reaching a payment determination. The Non-Initiating party's information regarding ambulance vehicle type, including clinical capabilities of vehicle, and good faith negotiations effort was of limited value in reaching a payment determination in this matter. The Non-Initiating party's evidence supporting the QPA added significant weight in reaching a payment determination.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has

determined that ANTHEM BCBS FEDERAL EMPLOYEE PROGRAM is the non-prevailing party in DISP-6040081 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6040081 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was ANTHEM BCBS FEDERAL EMPLOYEE PROGRAM. The 90-calendar day cooling off period begins on **May 28, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 05/29/2026
**IDR reference number:** DISP-6090710

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6090710** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$7,615.66** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025349EX4552 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health LLC submitted an offer of $7,615.66

Anthem Inc. submitted an offer of $1,145.20

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an “x” in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined

such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IDRE notes that the NIP (Health Plan) did not submit a brief, a cover letter or any persuasive argument in its favor. The NIP did submit a QPA for the item(s) or service(s) at issue. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider).

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party’s offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Anthem Inc. is the non-prevailing party in DISP-6090710 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6090710 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **May 29, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/03/2026
**IDR reference number:** DISP-5890778

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5890778** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025328337566 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the QPA does not account the provider’s superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider’s aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered a stroke and presented with symptoms, including right-sided neurological deficits and a fixed gaze toward the left. Due to the patient’s critical condition and the need for advanced equipment and care that exceeded the care provided by ground ambulance providers, the attending physician determined that the patient required immediate air ambulance

transport for time-sensitive emergency care, including interventional neurology services that were unavailable at the sending facility. Upon arrival, the flight crew conducted a comprehensive examination and ensured the patient was stable for transfer. During the flight, the transport team applied cardiac monitoring, closely monitored the patient's condition, and remained prepared to address any emergent patient needs. Air transport was necessary for a higher level of evaluation, management, and intervention, including neurology, interventional neurology, and neuro-intensive care services not available locally. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with four years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the provider had long-time agreements with the plan, which it entered between November 2014 and December 2017. The plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become an out-of-network provider. the rates paid by the plan decreased 22 percent between the agreement's effective date in August 2016 and the termination of the contract in September 2023.

7. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $0.00 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In accordance with regulatory requirements, when the offer selected by the certified IDRE is less than the total of the initial payment and any cost-sharing amounts paid by the participant or beneficiary, the provider, facility, or air ambulance service provider is responsible for reimbursing the plan or issuer for the difference. In this case, the non-initiating party submitted an offer of $0.00. Under the applicable regulation, selection of a $0.00 offer requires the initiating party to refund the initial payment to the non-initiating party. However, a

review of the supporting documentation submitted with the $0.00 offer did not provide sufficient evidence to justify that the initiating party is not entitled to any payment for the services rendered.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5890778 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5890778 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 3, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/03/2026
**IDR reference number:** DISP-5892077

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5892077** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$13,887.38** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025087CD2463 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $13,887.38

Anthem Inc. submitted an offer of $2,083.51

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $13,887.38 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $13,887.38 and provided the following information:

1. A statement that the QPA does not account the provider’s superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider’s aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered multi-system trauma, including a spine injury after being ejected from a motorbike at highway speeds. Upon arrival, the flight crew conducted a comprehensive examination. Due to the patient’s presentation and mechanism of injury and the need for advanced trauma equipment and care unavailable locally, ground emergency medical services determined

that the patient required immediate rapid transport with advanced in-transit care to the nearest level one trauma center for time-sensitive emergency care. Upon arrival, the flight crew conducted a comprehensive assessment and ensured that the patient was stable for transfer, During the flight, the transport team applied a cardiac monitor, administered intravenous medication for pain management with noted improvement, closely monitored the patient's condition, and remained prepared to address any emergent patient needs. Air transport was necessary for a higher level of evaluation, management, and intervention, including trauma, orthopedics, neurology, and trauma intensive care services not available locally. Medical records were also submitted for review.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with 30 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the point of pick-up was rural and air transport was significantly faster than any ground-based alternative (33 minutes by ground versus 16 minutes by air).

7. A statement that the provider had long-time agreements with the plan, which it entered between November 2014 and December 2017. The plan's refusal to negotiate updated contractual terms or pay market rates for the provider's services required the provider to become an out-of-network provider. the rates paid by the plan decreased 22 percent between the agreement's effective date in August 2016 and the termination of the contract in September 2023.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $2,083.51 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $1,349.12, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $13,887.38 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5892077 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5892077 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 3, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/05/2026
**IDR reference number:** DISP-5872513

Capitol Bridge, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5872513** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Capitol Bridge, LLC has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026005DG4745 under this dispute.

Capitol Bridge, LLC based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Pursuant to the Federal No Surprises Act (“NSA”) restrictions, the arbitrator is prohibited from considering certain factors and has not taken into account any prohibited information when making this decision such as usual and customary charges, the amount that would have been billed by the provider or facility with respect to the qualified IDR item or services had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied, or the payment or reimbursement rate or proportion of rates payable for items and services furnished by the provider or facility by a public payor including under the Medicare program under

title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act.

The decision contained herein, consistent with the NSA and its associated regulations, rests on a complete evaluation of the evidence and briefing submitted. In reaching this decision the arbitrator weighed all permissible evidence including: the QPA submitted, the offers submitted by both parties, supporting documentation relevant to the statutory determination factors, as well as all permissible information submitted by the parties. The QPA was considered and not given presumptive consideration.

In reviewing the information submitted by both parties, Capitol Bridge finds that the Initiating Party provided information regarding the quality and outcomes measurements of the facility, PHI Health, LLC ("PHI"), supported by numerous recognitions, including multiple Mission: Lifeline awards from the American Heart Association, multiple Vision Zero aviation safety awards from the Association of Air Medical Services, multiple Tim Hynes awards from the International Association of Flight & Critical Care Paramedics, and repeated recognition by regional EMS authorities such as the Arizona Emergency Medical Services Ace of Hearts Award. With respect to quality of response (timeliness), in 2023 PHI's aircraft were available for immediate response to 96.3% of emergency transport requests, and on average became airborne approximately 13 minutes after the aircrew accepted an emergency transport request. Another important quality metric is flight safety; as of March 2025, PHI has experienced zero accidents over the past eight years, and its accident and fatality rates are significantly lower than those of its three largest competitors: Metro Aviation, Global Medical Response (GMR), and Air Methods. These accolades and performance metrics reflect PHI's high level of care, supporting the Initiating Party's offer.

In determining which offer best represents the value of the service, Capitol Bridge gave the highest weight to the facility's quality and outcomes measurements that made an impact on the provision of service to the patient, and less weight to the QPA. The Non-Initiating Party raised an objection that was deemed invalid and provided no further information.

Accordingly, it is Capitol Bridge's determination that the Initiating Party's offer best represents the value of the qualified IDR service(s) at issue in this dispute. Therefore, Capitol Bridge has determined the Initiating Party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Capitol Bridge, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-5872513 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5872513 was PHI Health LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 5, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Capitol Bridge, LLC. Include your IDR Reference number referenced above.

Thank you,

Capitol Bridge, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/05/2026
**IDR reference number:** DISP-5922845

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5922845** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025174R11024 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, rotary-wing air transport (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $42,009.05 and provided the following information:

1. Email correspondence between the parties related to network contract discussions.

2. Curricula vitae for the flight crew. PHI Health states that the training, experience, and quality of its personnel exceed the baseline set by federal regulatory requirements.

3. The run report.

4. The transport clinical record shows that a 41-year-old male was driving an all-terrain vehicle (ATV) while carrying a piece of metal fencing under his left arm. He hit something with the metal fencing, which kicked back up and hit him in the arm, causing a large laceration to his arm. He was able to ride home, where he applied a belt as an improvised tourniquet. His family took him to the local rescue squad, who transported him to a hospital. The patient was found to have a large left upper arm laceration that required a tourniquet and wound packing to control the bleeding. The depth of wound raised concern for vascular and neurological injury. Due to a concern for continued bleeding and a need for orthopedic and vascular surgery specialist care, air transport was requested for a hospital-to-hospital transfer.

5. The patient's flight time was 17 minutes versus at least 61 minutes by air, if readily available. Air medical's ability to administer blood, if needed, was also a factor.

6. A statement indicating that PHI Health and its staff are nationally recognized for the superior quality of care that they provide. PHI Health meets or exceeds the measured metrics from Ground & Air Medical Quality in Transport (GAMUT™) including ventilator use in patients with an advanced airway, use of waveform capnography in patients with an advanced airway, first attempt pediatric tracheal tube success, placement of appropriately sized cuffed tracheal tube for pediatric patients, use of lung protective ventilation, reliable pain assessments, prevention of unintended neonatal hypothermia, early monitoring of patient temperature, the rate of serious reportable events (SREs), medical equipment failure, transport-related patient injuries, and vehicle crash or collision, clinical documentation review, and prevention of seizure and avoidance of delivery during transport of high-risk obstetric patients.

7. PHI Health argues that the pickup location was less densely populated than the geographic region used to determine the QPA.

8. PHI Health utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft, which permits them to deliver high-quality air ambulance services due to features including a 157 miles-per-hour cruise speed, 393-mile range, 3,124-pound useful load capacity, and key safety features, such as a rupture-resistant fuel line. The aircraft's standard clam shell door with a 54-inch opening facilitates quick and easy patient loading and unloading. A list of equipment that PHI Health carries on the aircraft was attached.

9. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of [NIP O$12,952.48ffer] and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the five circumstances.

In reviewing the QPA, which was $8,532.83, and the above-noted information submitted by both parties, C2C finds that the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the five circumstances with information specific to this dispute. C2C reviewed this evidence and found the additional information submitted by the non-initiating party did not support the offer. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding the review of circumstances with information specific to this dispute was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5922845 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5922845 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 5, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/05/2026
**IDR reference number:** DISP-5923014

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5923014** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025087CD2463 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the 63-year-old patient suffered multisystem trauma, including a spine injury, secondary to a motor vehicle accident. Ground emergency medical services (EMS) responded to the accident and identified a spinal injury. Due to the patient's presentation and mechanism of injury requiring

advanced trauma equipment and care unavailable locally, ground EMS determined that the patient required immediate rapid transport with advanced in-transit care to the nearest Level I trauma center for time-sensitive emergency care. The provider’s air medical team conducted a comprehensive pre-transport assessment and ensured the patient’s stabilization for transport. During the transport, the provider’s team applied a cardiac monitor, administered intravenous fentanyl and ketamine, closely monitored the patient’s condition, and remained prepared to address any emergent patient needs.

4. A statement that the crew comprised a pilot with 30 years of flight experience; a bachelor-prepared certified flight registered nurse; and a certified flight paramedic.

5. A statement that the air ambulance utilized was an Airbus EC135 P2 rotor-wing aircraft.

6. A statement that the point of pickup was inside a metropolitan statistical area. The time for ground transport was 33 minutes, versus 16 minutes by air.

7. A statement that the provider had a long-time network agreement with the plan that ended because the plan refused to negotiate updated contractual terms or pay market rates. The provider contends that its offer is consistent with prior reimbursement agreements with the plan. Additionally, the provider has requested the plan to enter negotiations for a contract, but the plan has ignored this request.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $12,952.48 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $8,532.83, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5923014 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5923014 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 5, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/05/2026
**IDR reference number:** DISP-6105199

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6105199** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$43,687.65** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026030FA9030 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,687.65

Anthem Inc. submitted an offer of $28,030.86

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Provider Resources, LLC (PRI) considered the QPA, all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that the offer presented by PHI Health LLC, the initiating party, best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health LLC prevailed.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC.

**Level of Training, Experience, Quality of Medical Personnel**

PHI Health LLC submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Acuity of the participant, or complexity of furnishing item or service**

PHI Health LLC submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Quality and Outcome Measurements**

PHI Health LLC submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Air Ambulance Vehicle Type**

PHI Health LLC submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Population Density at Point of Pickup**

PHI Health LLC submitted information regarding the population density of the point of pick-up for the air ambulance. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information regarding the population density of the point of pick-up for the air ambulance. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Good Faith Efforts - Negotiations**

PHI Health LLC submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Additional Information - Other**

PHI Health LLC presented additional information related to the offer that was not a prohibited factor. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not present additional information.

**QPA Addressed**

PHI Health LLC submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

PRI has considered the QPA and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health LLC. Therefore, PRI has determined that the initiating party prevailed.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at (855) 479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6105199 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6105199 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 5, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/08/2026
**IDR reference number:** DISP-5644303

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5644303** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$18,367.18** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025349EY3443 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health LLC submitted an offer of $18,367.18

Anthem Inc. submitted an offer of $2,761.96

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP-5644303, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $18,367.18, as offered by PHI Health LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

· The quality and outcomes measurements of the provider that furnished the services

· The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee

· The level of training/experience/quality of the medical personnel

· Air ambulance vehicle type, including clinical capability level of the vehicle

· Population density of the point of pick-up

· Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other, and, if applicable, contracted rates during the previous 4 plan years

· Additional information submitted by a party

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $18,367.18 by PHI Health LLC as the appropriate out-of-network (OON) payment amount for DISP-5644303.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-5644303 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5644303 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 8, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/08/2026
**IDR reference number:** DISP-5936221

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5936221** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$23,294.96** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026005DG7019 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $23,294.96

Anthem Inc. submitted an offer of $3,494.92

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $23,294.96 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH LLC, provided an offer of $23,294.96 and provided the following information:

1. A statement that the QPA does not account the provider’s superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider’s aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the 16-year-old patient suffered from a traumatic head injury after being struck by a vehicle. The patient was noted to have a deep three-inch laceration over the right eye, bruising to the eye socket, crepitus around the left eye concerning from an orbital fracture, and left ankle and wrist pain. Ground emergency medical services determined that the patient required immediate rapid

transport with advanced in-transit care to the nearest pediatric trauma center for time-sensitive emergency care. Upon arrival, the flight crew conducted a comprehensive examination ensuring the patient was stable for transport. During the flight, the team applied cardiac monitoring, provided wound care, closely monitored the patient's condition and remained prepared to address any emergent needs. Air transport was necessary to a pediatric center for a higher level of evaluation, management, and intervention including pediatrics, trauma, neurology, orthopedics, and pediatric intensive care services that were unavailable locally.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified flight paramedic, a certified registered flight nurse, and a pilot with 11 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft's superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft's vehicle type and clinical capabilities are included for review.

6. A statement that the point of pick-up was rural and air transport was significantly faster than any ground-based alternative (78 minutes by ground versus 19 minutes by air).

7. A statement that the provider has long been committed to entering network agreements that provide mutual benefit to the provider, patients, and payers. Unfortunately, commercial payers frequently refuse to negotiate rates that reasonably value the provider's services.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $3,494.92 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $2,335.32, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $23,294.96 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5936221 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5936221 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 8, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/08/2026
**IDR reference number:** DISP-5991026

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5991026** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, National Medical Reviews, Inc. has determined that the out-of-network payment amount of $42,009.05 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025296EM5060 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
National Medical Reviews, Inc. did not receive an offer and/or fees from Anthem Inc. . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5991026 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5991026 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 8, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/08/2026
**IDR reference number:** DISP-6105198

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6105198** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026030FA9030 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $18,055.79

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The parties provided information in support of their offers and in particular the reasoning behind their offers. This transport involved a patient who required immediate transport for emergency medical services. The pick up point was in a rural part of Virginia. The patient was transported to a facility capable of treating the patient's emergent medical condition. Based on all the foregoing, the offer of the initiating party was selected as the appropriate rate for this transport. In determining which offer best represents the value of this service, the greatest weight was given to the rural area of the pick up point.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Anthem Inc. is the non-prevailing party in DISP-6105198 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6105198 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 8, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-5388609

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5388609** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025307CS2324 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 13, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training,

experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5388609 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5388609 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-5388610

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5388610** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$25,534.86** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025307CS2324 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $25,534.86

Anthem Inc. submitted an offer of $3,839.80

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 13, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no

presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5388610 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5388610 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-5399738

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5399738** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025252R11587 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about May 31, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and

rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5399738 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5399738 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-5399739

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5399739** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$17,471.22** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025252R11587 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $17,471.22

Anthem Inc. submitted an offer of $2,480.64

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about May 31, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no

presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5399739 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5399739 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**

Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/09/2026
**IDR reference number:** DISP-6195308

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6195308** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$7,615.66** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025120R11153 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $7,615.66

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

The documents provided by both parties were analyzed. The NIP provided an offer of $0 valuation, which does not align with the value of the healthcare service provided or the amount previously allowed by the NIP. Therefore, the offer submitted by the IP was selected as the most appropriate out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Anthem Inc. is the non-prevailing party in DISP-6195308 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6195308 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 9, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5389067

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5389067** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025224R12555 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about July 30, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5389067 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5389067 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5399862

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5399862** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$9,855.56** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025195R13365 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $9,855.56

Anthem Inc. submitted an offer of $1,436.16

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about June 28, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5399862 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5399862 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5430029

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5430029** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025254R10242 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 25, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5430029 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5430029 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5455038

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5455038** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$15,231.32** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025319CT0935 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $15,231.32

Anthem Inc. submitted an offer of $2,290.41

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 4, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5455038 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5455038 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/10/2026
**IDR reference number:** DISP-5590415

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5590415** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$21,055.06** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025241RB0025 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $21,055.06

Anthem Inc. submitted an offer of $3,068.16

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 8, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5590415 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5590415 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 10, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5112211

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5112211** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025284BJ8616 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about September 28, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5112211 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5112211 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5474046

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5474046** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025260R10808 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about August 28, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5474046 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5474046 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5604042

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5604042** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025357DW9360 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Blue Cross Blue Shield Virginia submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about March 22, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Blue Cross Blue Shield Virginia ("BCBS"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

BCBS argued that the QPA already reflects other NSA factors, such as training or quality, and BCBS submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-5604042 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5604042 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5617240

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5617240** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$46,141.94** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025272R10255 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $46,141.94

Anthem Inc. submitted an offer of $6,938.59

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about September 9, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5617240 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5617240 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/11/2026
**IDR reference number:** DISP-5629733

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5629733** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$15,231.32** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025350EV6188 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $15,231.32

Anthem Inc. submitted an offer of $2,290.41

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about December 11, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5629733 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5629733 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 11, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5207891

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5207891** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025125R12463 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about April 17, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5207891 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5207891 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5207892

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5207892** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$8,959.60** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025125R12463 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $8,959.60

Anthem Inc. submitted an offer of $1,305.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about April 17, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5207892 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5207892 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5232061

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5232061** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$22,399.00** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025260R12367 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $22,399.00

Anthem Inc. submitted an offer of $3,264.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about August 30, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5232061 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5232061 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5323628

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5323628** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025284BL6948 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 2, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider’s level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI’s offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI’s offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5323628 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5323628 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5323629

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5323629** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$12,991.42** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025284BL6948 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $12,991.42

Anthem Inc. submitted an offer of $1,953.58

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 2, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5323629 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5323629 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5323786

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5323786** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025241R10847 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about July 31, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5323786 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5323786 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5323787

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5323787** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$46,141.94** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025241R10847 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $46,141.94

Anthem Inc. submitted an offer of $6,723.84

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about July 31, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5323787 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5323787 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/12/2026
**IDR reference number:** DISP-5336037

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336037** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025307CR3986 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 18, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336037 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336037 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 12, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336233

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336233** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025328CY2651 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about November 8, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336233 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336233 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5336234

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5336234** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$21,503.04** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025328CY2651 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $21,503.04

Anthem Inc. submitted an offer of $3,233.52

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about November 8, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population

density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5336234 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5336234 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/13/2026
**IDR reference number:** DISP-5346887

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5346887** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$16,575.26** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025282ER7428 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $16,575.26

Anthem Inc. submitted an offer of $2,492.50

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 3, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no

presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5346887 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5346887 was PHI Health, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 13, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/14/2026
**IDR reference number:** DISP-5545889

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5545889** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025324CN7449 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount (“QPA”) for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter’s determination that the initiating party’s offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 24, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC (“PHI”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. (“Anthem”), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5545889 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5545889 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/14/2026
**IDR reference number:** DISP-5716951

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5716951** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$28,222.74** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025203R10680 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $28,222.74

Anthem Inc. submitted an offer of $4,234.23

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about July 7, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc., did not provide information or arguments about the NSA factors.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-5716951 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5716951 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 14, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/16/2026
**IDR reference number:** DISP-6109138

Keystone Peer Review Organization, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6109138** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Keystone Peer Review Organization, Inc. has determined that the out-of-network payment amount of **$19,711.12** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025192R13587 under this dispute.

Keystone Peer Review Organization, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $19,711.12

Anthem Inc. submitted an offer of $2,957.24

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After reviewing the evidence and payment offers, Keystone Peer Review Organization, Inc. has concluded that the PHI HEALTH, LLC's proposed amount of $19711.12 for service code A0436 most accurately reflects the value of the eligible IDR services in dispute. As a result, Keystone Peer Review Organization, Inc. finds in favor of the PHI HEALTH, LLC.

In reaching this decision, Keystone Peer Review Organization, Inc. followed the criteria set forth in 45 CFR Section 149.510, which requires consideration of:

• The qualifying payment amount (QPA) for the relevant year for comparable items or services.

• Any additional information provided by the parties related to:

The quality and outcomes measurements of the provider that furnished such services.

The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

The training, experience, and quality of the medical personnel that furnished such services Ambulance vehicle type, including the clinical capability level of such vehicle.

Population density of the pick-up location (such as urban, suburban, rural, or frontier).

Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years.

Additional information submitted by a party.

The initiating party, PHI HEALTH, LLC provided an offer of $19711.12, and provided the following information:

1. A statement that PHI's medical personnel demonstrate exceptional training, experience, and quality, exceeding federal regulatory requirements. Pilots average 7.3 years tenure, undergo 99-176 hours of initial training, 63-67 hours annually, and practice full-down autorotation. Clinicians average 5.3 years tenure, complete 108 classroom hours plus 100 days of supervised training, and are required to achieve board certifications (CFRN for nurses, FP-C for paramedics) within 24 months, with 134 hours of annual education. The team for the patient included Pilot Heath Torgerson (13 years flight experience) and Clinicians Gregory Abernathy (FP-C) and Carolyn Trent (CFRN, BSN). PHI's staff have received numerous national awards, including the Jim Charlson Safety Award and Tim Hynes awards, reflecting their superior performance and impact on patient care, ensuring the patient's condition did not worsen during transport.

2. A statement that the pick-up location for the patient was in zip code 22701, a rural area in Culpeper County, Virginia. Culpeper County has a population density of 140.00 people per square mile, which is less densely populated than the Virginia MSA Region's 374.21 people per square mile. Payors, including Medicare, recognize the need for higher reimbursement for rural air ambulance services due to longer ground transport times and the critical benefit of air transport for conditions like traumatic open ankle fractures. The QPAs, determined for broader geographic regions, fail to adequately account for this lower population density and the substantial unloaded miles PHI must fly to reach rural patients, which are not compensated by mileage rates based solely on loaded miles.

3. A statement that PHI demonstrates superior quality and outcome measurements, supporting its out-of-network rate offers. The company and its staff have received numerous national awards, and its programs are CAMTS accredited. PHI meets or exceeds GAMUT Collaborative rates in over half of its measured metrics, including ventilator use, patient safety, and clinical documentation.

PHI's aircraft were available for immediate response 96.3% of the time in 2023, with an average airborne time of 13 minutes. The company boasts an exemplary safety record with zero accidents in the last eight years, significantly lower than competitors, attributed to substantial capital investment in safety technologies and protocols.

4. A statement that patient, a 48-year-old female, suffered a traumatic open right ankle fracture after falling approximately 10 feet from a ladder, presenting with venous bleeding and the tibia bone protruding two inches through the skin, causing significant pain. Her initial acuity was Emergent (Yellow). Pre-transport, EMS administered 25mg Ketamine and 100mcg Fentanyl for pain. During transport, PHI's critical care team administered additional Fentanyl (50mcg, then 100mcg) for severe pain, Cefazolin (2 Grams) for the open fracture, and initiated supplemental oxygen due to decreasing oxygen saturations. The patient's condition required immediate rapid transport with advanced in-transit care to a Level I trauma center (UVA Health University Medical Center) for time-sensitive orthopedic, surgical, and trauma intensive care services, which were unavailable locally. Air transport was necessary due to the time-sensitive need for definitive treatment, potential for deterioration including limb compromise, and the need for two critical care providers, as ground transport would have been significantly longer (63 minutes vs. 21 minutes by air).

5. A statement that PHI had long-time network agreements with Anthem from 2014-2017. However, Anthem's refusal to negotiate updated contractual terms, failure to pay market rates, and inefficient claim processing led PHI to become an out-of-network provider. Anthem did not increase rates for Indiana since 2014, resulting in a 23% real-term decrease, and similar declines in Ohio, Kentucky, and Virginia. Anthem also failed to pay numerous claims within 90 days. PHI subsequently requested negotiations to restore in-network status at reasonable rates, but Anthem ignored this request. These contrasting efforts support selecting PHI’s offers as the appropriate out-of-network rates.

6. A statement that PHI utilized a Bell Rotor Wing BH407 aircraft (N494PH) for the transport, which offers a 153-mph cruise speed, 387-mile range, 2,300 lb useful load, and safety features like a rupture-resistant fuel line. This aircraft is equipped to provide all five levels of care (Basic, Advanced, Emergency Critical, Intensive, and Specialty) and carries specialized equipment such as Zoll Monitors, Hamilton T1 ReVel ventilators, LUCAS 3 chest compression systems, fetal heart monitors, Cardiosave devices, neonatal isolettes, universal blood products, and 68 pharmaceutical products. PHI's offer for the out-of-network rate accounts for the value of this clinical equipment and medical supplies, unlike the static Qualifying Payment Amounts (QPAs).

7. A statement that PHI, an independent air ambulance provider operating for over 50 years, submits declarations from its PFS Manager, CFO, Medical Director, and Co-President to support its offer. PHI's offers align with inflation-adjusted average rates previously paid by Blue Cross Blue Shield Companies nationally and in the Virginia MSA region (2022-2024), as well as by other commercial non-contracted payors, which are significantly higher than the reported QPAs. PHI critiques the QPA's fairness and accuracy, citing Anthem's failure to disclose calculation details, the QPA's artificial lowness due to excluded incentive-based payments, its static nature not reflecting specialized equipment or unloaded miles, and its potential reliance on hospital rates or an insufficient number of contracts. PHI also notes that the QPA does not account for its superior services, personnel qualifications, patient acuity, or the rural pickup location. PHI's good faith efforts to negotiate with Anthem failed, leading to its out-of-network status. PHI has a strong track record in past IDR disputes, with its offers selected in over 90% of cases, and has received national recognition for quality and safety, including Mission: Lifeline awards and the Vision Zero Award.

The non-initiating party, Anthem Inc. provided an offer of $2957.24, and provided the following information:

1. A statement that the medical personnel involved included Pilot Andrew Lerner with 27 years of flight experience, 5 of which were with PHI air ambulances. Clinicians Brooke Eiden and Marc Wegryn possess extensive licensures and certifications, including ACLS, BLS, CEN, EMT-B, ITLS, NRP, PALS, TNCC, and FP-C, with Brooke Eiden also holding a BSN. This training, experience, and quality of personnel are presented as credible evidence supporting the proposed out-of-network rates.

2. A statement that the initiating party provided several quality and outcome measurements, including ventilator use, waveform capnography, first attempt tracheal tube success, placement of appropriately sized cuffed tracheal tubes, lung protective ventilation, reliable pain assessments, prevention of neonatal hypothermia, early patient temperature monitoring, and rates of serious reportable events, medical equipment failure, transport-related injuries, and vehicle crashes/collisions. They also highlighted a 96.3% immediate response rate for aircraft in 2023, an average airborne time of 13 minutes, and a record of zero accidents in the last eight years as of March 2025, with significantly lower accident and fatality rates compared to competitors. These quality and outcomes measurements were given some weight and impacted the payment determination.

3. A statement that the patient, a 46-year-old female, presented with an incarcerated hiatal hernia, abdominal pain, nausea, and vomiting, with a medical history significant for esophageal cancer and partial esophagectomy. Her condition was acute and complex, requiring immediate rapid air transport due to the severity and potential complications like septic shock, necrotic bowel, and infection, which necessitated advanced airway management and hemodynamic support beyond ground ambulance capabilities. The air medical team provided comprehensive pre-transport assessment, stabilization, cardiac monitoring, Fentanyl for pain, oxygen therapy, and continuous monitoring during transport to a specialized facility for thoracic surgery.

4. A statement that the initiating party (PHI) stated that Anthem's refusal to negotiate updated contractual terms, failure to pay market rates, and untimely processing of claims led PHI to become an out-of-network provider, despite long-time network agreements. PHI also claims Anthem ignored their subsequent request to negotiate a new contract. The non-initiating party (Anthem) stated they welcome negotiations with providers offering reasonable rates, include this invitation in their communications, and remain open to discussing terms. Anthem also argued their offer, which surpasses the QPA and exceeds benchmarks, demonstrates good faith negotiation to prevent IDR.

5. A statement that PHI's aircraft demonstrated 96.3% availability for immediate response to emergency transport requests, with an average airborne time of 13 minutes after acceptance. This rapid response capability is attributed to significant investments in aircraft, equipment, personnel, and maintenance. Furthermore, PHI reported zero accidents in the last eight years as of March 2025, with accident and fatality rates significantly lower than its three largest competitors. This information regarding the air ambulance vehicle type and its capabilities was given some weight and impacted the payment determination.

6. A statement that Anthem's offer of 150% of the QPA is considered reasonable, exceeding MRF and Fair Health benchmarks, while the provider's request of 510% of the QPA is deemed excessive. Anthem asserts its QPA reflects regional and specialty standards, patient acuity, and service complexity, and its offer incorporates FAIR Health® Allowed Benchmark data and aligns with historical acceptance rates from MRF data. Anthem's QPA also reflects provider quality standards and credentialing. Anthem argues the Initiating Party's market share does not justify high out-of-network rates, and their offer considers service complexity and good faith negotiation efforts. Usual and customary charges are noted as prohibited factors.

Considering the patient's acuity, the number and complexity of the procedures performed, and the significant disparity between the amount requested by the IP and the reimbursement offered by the NIP, the IP's offer more appropriately reflects the fair and reasonable value of the services rendered. This is particularly true when viewed in light of the clinical demands of the case, the level of care provided, and the medical expertise and resources required to effectively treat the patient throughout the course of care.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Keystone Peer Review Organization, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6109138 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6109138 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 16, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Keystone Peer Review Organization, Inc.. Include your IDR Reference number referenced above.

Thank you,

Keystone Peer Review Organization, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/17/2026
**IDR reference number:** DISP-1613230

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1613230** and has determined that PHI Health LLC is the prevailing party in this dispute.

Because only one party, PHI Health LLC , submitted an offer and paid the corresponding fees, ProPeer Resources, LLC has determined that the out-of-network payment amount of $10,093.98 offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024057CA9161 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
ProPeer Resources, LLC did not receive an offer and/or fees from Blue Cross Blue Shield Virginia . As a result, the certified IDR entity has found in favor of PHI Health LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that Blue Cross Blue Shield Virginia is the non-prevailing party in DISP-1613230 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1613230 was PHI Health LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Virginia. The 90-calendar day cooling off period begins on **June 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-5670326

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5670326** and has determined that PHI Health LLC is the prevailing party in this dispute.

Because only one party, PHI Health LLC , submitted an offer and paid the corresponding fees, Island Peer Review Organization has determined that the out-of-network payment amount of $42,009.05 offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025330DX0329 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Island Peer Review Organization did not receive an offer and/or fees from Blue Cross Blue Shield of Virginia . As a result, the certified IDR entity has found in favor of PHI Health LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Blue Cross Blue Shield of Virginia is the non-prevailing party in DISP-5670326 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5670326 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Blue Cross Blue Shield of Virginia. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6042748

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6042748** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$14,783.34** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025260R10805 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $14,783.34

Anthem Inc. submitted an offer of $2,154.24

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

At issue is payment for rotary wing air mileage, per statute mile (A0436).

45 Code of Federal Regulations (CFR) Section 149.510, sets forth that offers must be submitted not later than 10 business days after the selection of the certified IDR entity (IDRE). The plan or issuer and the provider,

facility, or provider of air ambulance services must each submit to the certified IDRE an offer of an out-of-network rate expressed as both a dollar amount and the corresponding percentage of the qualifying payment amount represented by that dollar amount.

IDR Guidance for Certified IDREs (March 2023) details that if, by the deadline for the parties to submit offers, one party has not submitted an offer, the certified IDRE will select the other party's offer as the final payment amount.

The IDRE requested the offer and fee payments on May 5, 2026. The IDRE did not receive payment from the non-initiating party. As a result, we are only able to consider the offer submitted by the initiating party to make a final determination. An offer was received from the initiating party for $14,783.34 for code A0436. Therefore, the IDRE determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6042748 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6042748 was PHI HEALTH, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6109448

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6109448** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$19,263.14** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025098DC1397 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $19,263.14

Anthem Inc. submitted an offer of $2,807.04

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Provider Resources, LLC (PRI) considered the QPA, all non-prohibited, compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI's determination that the offer presented by PHI HEALTH, LLC, the initiating party, best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI HEALTH, LLC prevailed.

PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI HEALTH, LLC.

**Level of Training, Experience, Quality of Medical Personnel**

PHI HEALTH, LLC submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the training, experience, and quality of the medical personnel that furnished the qualified air ambulance services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Acuity of the participant, or complexity of furnishing item or service**

PHI HEALTH, LLC submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the acuity of the patient receiving the qualified air ambulance services, or the complexity of furnishing such services to the patient. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Quality and Outcome Measurements**

PHI HEALTH, LLC submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the quality and outcomes measurements of the provider of air ambulance services that furnished the services. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Air Ambulance Vehicle Type**

PHI HEALTH, LLC submitted information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating the ambulance vehicle type, including the clinical capability level of the vehicle.

**Population Density at Point of Pickup**

PHI HEALTH, LLC submitted information regarding the population density of the point of pick-up for the air ambulance. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information regarding the population density of the point of pick-up for the air ambulance.

**Good Faith Efforts - Negotiations**

PHI HEALTH, LLC submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information demonstrating the good faith efforts (or lack thereof) made by the out-of-network provider of air ambulance services or the plan to enter into network agreements with each other. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**Good Faith Efforts - Prior Contract**

PHI HEALTH, LLC submitted information demonstrating contracted rates between the provider and the plan during the previous 4 plan years. Provider Resources, LLC (PRI) gives significant weight to this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. did not submit information demonstrating contracted rates between the provider and the plan during the previous 4 plan years.

**Additional Information - Other**

PHI HEALTH, LLC presented additional information related to the offer that was not a prohibited factor. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. presented additional information related to the offer that was not a prohibited factor. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

**QPA Addressed**

PHI HEALTH, LLC submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) considered this evidence in determining the appropriate out-of-network rate for this dispute.

Anthem Inc. submitted information regarding the QPA for the applicable year for the qualified IDR item or service. Provider Resources, LLC (PRI) gives some weight to this evidence in determining the appropriate out-of-network rate for this dispute.

PRI has considered the QPA and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI HEALTH, LLC. Therefore, PRI has determined that the initiating party prevailed.

**Resources**

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

***We also want to learn - from you - about what you need.*** As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources, LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at (855) 479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6109448 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6109448 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6268002

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6268002** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$22,073.76** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026061EL5768 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $22,073.76

Anthem Inc. submitted an offer of $3,319.20

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about February 16, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6268002 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6268002 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6348845

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6348845** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025308FJ1225 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about October 4, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6348845 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6348845 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6348846

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6348846** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$14,783.34** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025308FJ1225 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $14,783.34

Anthem Inc. submitted an offer of $2,223.04

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about October 4, 2025, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6348846 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6348846 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6349486

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6349486** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026013EX8776 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $9,037.46

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about January 5, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has

paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6349486 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6349486 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient,*

*you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/18/2026
**IDR reference number:** DISP-6349487

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6349487** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$22,533.63** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026013EX8776 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $22,533.63

Anthem Inc. submitted an offer of $3,388.35

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act (“NSA”) and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children’s Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about January 5, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. This transport also involved a pick-up location in an area of relatively low population density. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to population density, training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6349487 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6349487 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 18, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the*

*Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-5711174

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5711174** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$25,534.86** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026013DD0980 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health LLC submitted an offer of $25,534.86

Anthem Inc. submitted an offer of $3,839.80

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP- 5711174, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $ 25,534.86, as offered by PHI Health, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

• The quality and outcomes measurements of the provider that furnished the services - Highest Significance

• The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee -Highest Significance

• The level of training/experience/quality of the medical personnel – Moderate Significance

• Air ambulance vehicle type, including clinical capability level of the vehicle - Moderate Significance

• Population density of the point of pick-up - Moderate Significance

• Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other, and, if applicable, contracted rates during the previous 4 plan years - Moderate Significance

• Additional information submitted by a party - Moderate Significance

Additionally, the IDRE notes that the Non-Initiating Party (NIP), identified as the Health Plan, submitted an objection solely concerning the eligibility of the dispute and did not provide any additional persuasive arguments in support of its payment offer. Upon review, the IDRE has overruled the NIP's objection based on the totality of the evidence (or lack thereof) submitted by both parties.

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $ 25,534.86 by PHI Health, LLC as the appropriate out-of-network (OON) payment amount for DISP- 5711174.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-5711174 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5711174 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-5758975

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5758975** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025336CA2723 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP-5758975, involving the qualified IDR item or service billed under CPT code A0431. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $42,009.05, as offered by PHI Health LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

• The quality and outcomes measurements of the provider that furnished the services. Highest Significance

• The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee. Highest Significance

• The level of training/experience/quality of the medical personnel. Highest Significance

• Air ambulance vehicle type, including clinical capability level of the vehicle. Moderate Significance

• Population density of the point of pick-up. Moderate Significance

• Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other, and, if applicable, contracted rates during the previous 4 plan years. Highest Significance

• Additional information submitted by a party. Moderate Significance

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI Health LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $42,009.05 by PHI Health LLC as the appropriate out-of-network (OON) payment amount for DISP-5758975

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that Anthem Inc. is the non-prevailing party in DISP-5758975 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5758975 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message*

*is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6023556

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6023556** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026041FG0525 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $9,037.46

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $43123.60 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children’s Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems (“CAMTS”). This includes the PHI program that transported the Patient. A majority of states in which PHI does business do not require CAMTS accreditation. PHI voluntarily meets these rigorous standards demonstrates PHI’s superior quality of care." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient’s acuity, as evidenced by the initiating party’s submission of medical records dated 01/27/2026. This information is given significant weight. The non-initiating party stated, "Anthem’s offer was carefully tailored to consider the complexity of the services provided, ensuring that the reimbursement aligns with the severity of the treatments. After reviewing the case, the proposed offer was determined to be appropriate." This information is given minimal weight. This acuity factor impacted the payment determination.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, "Once hired, PHI’s medical crew members must complete 108 classroom hours in internal training plus 100 days of on-the-job supervised training. On an annual basis, medical crew members must complete a minimum of 134 hours of company-sponsored education, for which PHI maintains a staff of clinical educators. All medical crew members are tested annually on thirty practical elements (e.g., utilization of medical equipment, advanced medical and surgical procedures, etc.)." This information is given some weight. The non-initiating party stated, "These quality standards are therefore already reflected in Anthem’s QPA. Anthem has quality standards and credentialing requirements for its participating providers that ensure the providers are appropriately licensed and qualified to provide services in their specialty." This information is given minimal weight.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "PHI utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N385PH). The Airbus Rotor Wing EC135P2+ (H135) aircraft permits PHI to deliver high-quality air ambulance

services due to features including a 157 mph cruise speed, 393 mile range, 3,124 lb. useful load capacity, and key safety features, such as a rupture resistant fuel line." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "PHI picked up Patient Whitson at zip code 24486, which is located in Augusta County, Virginia. Augusta County had a population of 76,544 as reported in the 2020 Census." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The non-initiating party stated, "We welcome negotiations with providers who ensure affordable healthcare for our members by offering reasonable rates. This invitation is included in our communications throughout the negotiation period, and we remain open to discussing terms with providers." This information is given minimal weight. The initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party stated copies of previous Federal dispute resolution forms. This is not considered historical rates. This information is given no weight. The initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-6023556 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6023556 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6023558

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6023558** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$13,336.23** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026041FG0525 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health LLC submitted an offer of $13,336.23

Anthem Inc. submitted an offer of $2,005.35

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $13336.23 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) were evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "Another important quality metric is the safety of PHI's flights. As of March 2025, PHI has experienced zero accidents in the last eight years. PHI's accident rate and fatality rate are significantly lower than the rates experienced by PHI's three largest competitors: Metro Aviation, Global Medical Response (GMR), and Air Methods." This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party provided the patient's acuity as evidenced by the initiating party's submission of medical records dated 01/27/2026. This information is given some weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated per their submitted summary, "PHI's nurses, paramedics, and other clinicians, have a mean tenure of 5.3 years at PHI. Those requirements exceed federal regulatory requirements." This information is given some weight. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, "PHI utilized an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N385PH). The Airbus Rotor Wing EC135P2+ (H135) aircraft permits PHI to deliver high-quality air ambulance services due to features including a 157-mph cruise speed, 393-mile range, 3,124 lb." This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "In this case, PHI picked up Patient at zip code 24486, which is located in Augusta County, Virginia Augusta County had a population of 76,544 as reported in the 2020 Census. This point of pickup is inside a Metropolitan Statistical Area (MSA). Augusta County had a population density of 78.03 people per square mile compared to 374.21 people per square mile within the Virginia MSA Region as a whole. Thus, the pickup location was less densely populated than the geographic region used to determine the QPA." This information is given some weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The QPA was given some weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-6023558 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6023558 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6024113

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6024113** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025349EX8198 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | X |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $42009.05 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children’s Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, the quality and outcomes measurements, "Safe: We are absolute in our belief in the tenets of Destination Zero and that Zero is not only achievable, but the only acceptable outcome. Efficient: We are focused on outcomes that are smart and responsible by making the best use of our resources to maximize overall productivity and achieve sustainable profitability as a high performing organization. Quality: We are committed to ensuring excellent organizational performance which produces sustainable and reliable outcomes. Service: We are dedicated to the service of our customers, our communities and each other.", were provided by the air ambulance provider. This information is given some weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient’s acuity, as evidenced by the initiating party’s submission of flight records dated 10/10/2025. This information is given significant weight. This acuity factor impacted the payment determination. The non-initiating party did not submit this information.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience as evidenced by the initiating party’s submission of each rendering provider’s summary of experience. This information is given significant weight. This level of training factor impacted the payment determination. The non-initiating party did not submit this information.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, the air ambulance vehicle type, Rotor Wing (A0431), were provided by the initiating party. This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The non-initiating party stated, "We welcome negotiations

with providers who ensure affordable healthcare for our members by offering reasonable rates. This invitation is included in our communications throughout the negotiation period, and we remain open to discussing terms with providers." However, the non-initiating party did not provide proof of these efforts within the past 4 plan years. This information is given no weight. The initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party provided copies of previous Federal dispute resolution forms. This information is given no weight. The initiating party did not submit this information.

The QPA was given some weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-6024113 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6024113 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6050336

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6050336** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026020R10858 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the 19-year-old patient was suffering from a traumatic hemorrhagic stroke and skull fracture secondary to falling off a stool and down five stairs. The patient was brought to the sending facility by ground ambulance, and diagnostic testing confirmed an epidural hemorrhage and skull fracture. Due to the critical nature of the patient's injuries and the need for advanced trauma equipment beyond the ground ambulance's capabilities, the attending physician determined that immediate air transport was required for time-sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment. Air transport was necessary to transport the patient to a Level I trauma center for neurology, interventional neurology, and intensive care services that were not available at the sending facility.

4. A statement that the crew comprised a pilot with 21 years of flight experience; a bachelor-prepared certified flight registered nurse; and a certified flight paramedic.

5. A statement that the air ambulance utilized was an Airbus EC135 P2 rotor-wing aircraft.

6. A statement that the point of pickup was inside a metropolitan statistical area. The time for ground transport was 65 minutes, versus 20 minutes by air.

7. A statement that the provider has been committed to entering network agreements that provide mutual benefit to patients, payors, and the provider, and is a network provider for multiple major payors. The provider contends that its offer is consistent with prior reimbursement agreements with the plan.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $8,804.56 and provided the following information:

1. A statement that the plan’s offer surpasses the QPA for this service.

2. A statement that quality standards are already reflected in the QPA. The plan’s credentialing requirements ensure that providers are appropriately licensed and qualified to provide services in their specialty.

3. A statement that the provider’s sizeable market share does not justify their high out-of-network offer.

4. A statement that the plan’s offer was tailored to consider the complexity of the service provided.

5. A statement that the plan welcomes negotiations with providers who ensure affordable healthcare for its members; this invitation is included in communications throughout the negotiation period, and the plan contends it remains open to discussing terms with providers.

6. The non-initiating party states that the provider submitted a notice of IDR initiation before the negotiation period concluded. However, as noted in the Federal IDR Process Guidance for Disputing Parties, April 2022, if the non-initiating party believes that the Federal IDR Process is not applicable, the non-initiating party must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDRE selection process. This information must be provided no later than one business day after the end of the three-business-day period for certified IDRE selection, (the same date that the notice of selection or of failure to select a certified IDRE must be submitted). This notification must include information regarding the Federal IDR Process’ inapplicability. In this instance, the non-initiating party failed to timely object to the applicability of the Federal IDR Process. The failure to object is considered implied acceptance.

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds that due to the patient's critical injuries, rapid air transport was necessary for time-sensitive emergency care at the nearest Level I trauma center, with the neurology services not available at the sending facility. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence regarding patient acuity was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6050336 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6050336 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/19/2026
**IDR reference number:** DISP-6050337

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6050337** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$16,575.26** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026020R10858 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $16,575.26

Anthem Inc. submitted an offer of $1,661.67

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $16,575.26 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $16,575.26 and provided the following information:

1. A statement that the QPA materially differs from the appropriate out-of-network rate. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is an independent air ambulance provider that is nationally recognized for the superior quality of care provided. The provider accredits its programs through the Commission on Accreditation of Medical Transport Systems, a non-profit organization dedicated to improving the quality and safety of medical transport services. The provider participates in the Ground and Air Medical Quality Transport collaborative and meets or exceeds more than half of its measured metrics.

3. A clinical narrative stating that the 19-year-old patient was suffering from a traumatic hemorrhagic stroke and skull fracture secondary to falling off a stool and down five stairs. The patient was brought to the sending facility by ground ambulance, and diagnostic testing confirmed an epidural hemorrhage and skull fracture. Due to the critical nature of the patient's injuries and the need for advanced trauma equipment beyond the ground ambulance's capabilities, the attending physician determined that immediate air transport was required for time-sensitive emergency care to the nearest appropriate facility equipped to provide the required treatment. Air transport was necessary to transport the patient to a Level I trauma center for neurology, interventional neurology, and intensive care services that were not available at the sending facility.

4. A statement that the crew comprised a pilot with 21 years of flight experience; a bachelor-prepared certified flight registered nurse; and a certified flight paramedic.

5. A statement that the air ambulance utilized was an Airbus EC135 P2 rotor-wing aircraft.

6. A statement that the point of pickup was inside a metropolitan statistical area. The time for ground transport was 65 minutes, versus 20 minutes by air.

7. A statement that the provider has been committed to entering network agreements that provide mutual benefit to patients, payors, and the provider, and is a network provider for multiple major payors. The provider contends that its offer is consistent with prior reimbursement agreements with the plan.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $1,661.67 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

2. The non-initiating party states that the provider submitted a notice of IDR initiation before the negotiation period concluded. However, as noted in the Federal IDR Process Guidance for Disputing Parties, April 2022, if the non-initiating party believes that the Federal IDR Process is not applicable, the non-initiating party must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDRE selection process. This information must be provided no later than one business day after the end of the three-business-day period for certified IDRE selection, (the same date that the notice of selection or of failure to select a certified IDRE must be submitted). This notification must include information regarding the Federal IDR Process' inapplicability. In this instance, the non-initiating party failed to timely object to the applicability of the Federal IDR Process. The failure to object is considered implied acceptance.

In reviewing the QPA, which was $1,661.67, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $16,575.26 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6050337 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6050337 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 19, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/20/2026
**IDR reference number:** DISP-6061943

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6061943** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$16,127.28** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025336R10162 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $16,127.28

Anthem Inc. submitted an offer of $2,425.14

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $16,127.28 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $16,127.28 and provided the following information:

1. A statement that the QPA does not account the provider's superior services nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider is nationally recognized for the superior quality of care provided. According to Ground and Air Medical Quality Transport (GAMUT), the provider exceeds more than half of measured metrics. Additionally, the provider's aircraft has been available for immediate response, approximately 13 minutes after the emergency transport was requested and has an exemplary safety record.

3. Clinical information documenting that the patient suffered from a traumatic head injury and femur, tibia, and fibula fractures after an incident involving a motor vehicle. Upon arrival to the sending facility, the patient exhibited mild altered mental status, weakness, low blood pressure, and bleeding from a head laceration. A deformed hip with bruising and a severe lower leg injury with a degloving wound and open fracture were also noted. Due to the critical nature of the patient's condition and the need for advanced equipment and care that exceed the care provided by ground ambulance providers, the attending physician determined that immediate rapid air transport and advanced in-transit care was required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. Upon arrival, the flight crew conducted a comprehensive assessment of the patient, including neurological status, applied a cardiac monitor, administered intravenous (IV) sedation and pain medication, and attached a transport ventilator. During the flight, the team closely monitored the patient's condition, administered IV blood pressure support, transfused a unit of blood, notified the receiving facility of the estimated time of arrival, activated a trauma alert, administered IV pain medication, and remained ready to address any emergent needs. Air transport was necessary for a level one trauma center and services including, trauma, neurology, orthopedics, surgery, and trauma intensive care services that were not available locally.

4. The curriculum vitae of each clinician on board the aircraft and information supporting that the flight crew was comprised of a certified registered flight nurse, a certified paramedic, and a pilot with 31 years of flight experience. Additionally, each of these clinicians holds multiple licensures and certifications in their respective fields. The provider's exceptional training, experience, and quality of personnel exceeds the baseline set by federal regulatory requirements.

5. A statement that the aircraft’s superior equipment and features allow the provider to offer specialized services beyond those that are required of air ambulance providers. Additional details of the aircraft’s vehicle type and clinical capabilities are included for review.

6. A statement that the population density of the pickup location was less densely populated than the geographic region used to determine the QPA. Additionally, the point of pick-up was significantly faster than any ground-based alternative (61 minutes by ground versus 18 minutes by air).

7. A statement that the provider has long been committed to entering network agreements that provide mutual benefit to the provider, its patients, and payers. The provider is a network provider for multiple major payors and has engaged in ongoing negotiations with payers to increase its number of network agreements. Unfortunately, commercial payers frequently refuse to negotiate rates that reasonably value the provider’s services.

8. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $2,425.14 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $1,616.28, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $16,127.28 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6061943 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6061943 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 20, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/23/2026
**IDR reference number:** DISP-5889192

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-5889192** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$13,796.10** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026021R11276 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $13,796.10

Anthem Inc. submitted an offer of $5,901.23

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $13,796.10 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $13,796.10 and provided the following information:

1. A statement that the high quality of the initiating party’s air ambulance services includes multiple ways in which that care materially exceeds industry baselines and regulatory requirements. A statement that the initiating party and its staff are nationally recognized for the superior quality of care that they provide. A statement that the QPA does not capture the unique value provided by the initiating party’s services. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA’s calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. The clinical summary indicates the 14-year-old patient was suffering from a traumatic brain injury with multiple traumas. The patient was traveling approximately 45 miles per hour and was ejected from the vehicle. The patient was found on the roadway and presented with pale skin tone, unresponsive mental status, fluctuating consciousness, emesis on his face and clothes, right-sided scalp hematoma, and mild boggy right temporal area. Ground emergency medical services personnel (EMS) determined that the patient likely had sustained a traumatic brain injury. Complications associated with such traumatic injuries include loss of cognitive, motor, and sensory function, paralysis, internal injuries, and long-term complications. Due to the severity of the patient’s injuries and the need for advanced trauma response equipment and care, ground EMS determined that immediate rapid transport and advanced in-transit care was required for time sensitive emergency care to the nearest level one pediatric trauma center equipped to provide the required pediatric neurosurgery services and care.

3. A statement that the initiating party invests heavily in its team of skilled medical clinicians, pilots, and aviation mechanics, and that their employment requirements exceed federal regulatory requirements.

4. A statement that the aircraft that transported the patient was an Airbus Rotor Wing aircraft, which can accommodate two clinicians to provide emergency critical care and is equipped to assist patients suffering from the widest variety of medical conditions.

5. A statement that the provider is currently attempting to negotiate an agreement with the plan; however, the plan’s most recent offer is lower than the historic valuation of the provider’s services. The provider has continuously worked in good faith to reach a reasonable and sustainable rate with the plan and will continue to do so.

The non-initiating party, Anthem Inc., provided an offer of $5,901.23 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

2. The non-initiating party states the dispute is ineligible because arbitration Initiation submitted before negotiation end period. However, as noted in the Federal IDR Process Guidance for Disputing Parties, April 2022, if the non-initiating party believes that the Federal IDR Process is not applicable, the non-initiating party must notify the Departments by submitting the relevant information through the Federal IDR portal as part of the certified IDRE selection process. This information must be provided no later than one business day after the end of the three-business-day period for certified IDRE selection (the same date that the notice of selection or of failure to select a certified IDRE must be submitted). This notification must include information regarding the Federal IDR Process inapplicability. In this instance, the non-initiating party failed to timely object to the applicability of the Federal IDR Process. The failure to object is considered implied acceptance.

In reviewing the QPA, which was $5,901.23, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $13,796.10 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-5889192 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-5889192 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 23, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/24/2026
**IDR reference number:** DISP-6109851

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6109851** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$23,879.90** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025176R10305 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $23,879.90

Anthem Inc. submitted an offer of $3,590.40

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | X |

**Final Determination Rationale**

After considering the qualified IDR item or service under dispute and all the evidence submitted by both parties, the offer of $23879.90 submitted by the Initiating Party best represents the value of the unique, qualified IDR item or service. The Initiating Party is the prevailing party.

All information submitted by the parties was reviewed to determine whether prohibited factors were provided or applicable rationale determination factors were provided.

Usual and customary charges (including payment or reimbursement rates expressed as a proportion of usual and customary charges) was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The amount that would have been billed by the provider, facility, or provider of air ambulance services with respect to the qualified IDR item or service had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

The payment or reimbursement rate for items or services furnished by the provider, facility, or provider of air ambulance services payable by a public payor, including under the Medicare program under title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children’s Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act. This provision also prohibits consideration of payment or reimbursement rates expressed as a proportion of rates payable by public payors was evaluated. The initiating party did not submit this information. The non-initiating party did not submit this information.

Under 45 CFR 149.510(c)(4)(v), the certified IDR entity must not consider certain factors or information. Therefore, we did not consider prohibited information.

The quality and outcomes measurements of the provider of air ambulance services that furnished the services was evaluated. The initiating party stated, "PHI accredits its programs through the Commission on Accreditation of Medical Transport Systems (“CAMTS”)." This information is given minimal weight. The non-initiating party did not submit this information.

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee was evaluated. The initiating party stated, the patient’s acuity, as evidenced by the initiating party’s submission of medical records dated 10/25/2024. This information is given significant weight. The non-initiating party stated, "Anthem’s offer was carefully tailored to consider the complexity of the services provided, ensuring that the reimbursement aligns with the severity of the treatments." This information is given minimal weight. This acuity factor impacted the payment determination.

The level of training, experience, and quality of medical personnel that furnished the air ambulance services was evaluated. The initiating party stated, the level of training and experience as evidenced by the initiating party’s submission of each rendering provider’s curriculum vitae. This information is given significant weight. The non-initiating party stated, "These quality standards are therefore already reflected in Anthem’s QPA." This information is given minimal weight. This level of training factor impacted the payment determination.

The air ambulance vehicle type, including the clinical capability level of the vehicle was evaluated. The initiating party stated, the air ambulance vehicle type, rotor, and capabilities, on pages 29-33 of the initiating party's statement, were provided by the initiating party. This information is given some weight. The non-initiating party did not submit this information.

The population density of the point of pick-up was evaluated. The initiating party stated, "This point of pickup is inside a Metropolitan Statistical Area (MSA). Spotsylvania County had a population density of 334.34 people per square mile compared to 374.21 people per square mile within the Virginia MSA Region

as a whole." This information is given minimal weight. The non-initiating party did not submit this information.

Demonstration of good faith efforts (or lack thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years was evaluated. The initiating party stated, per their provided proof of good faith efforts to enter into a network agreement or contracted rates within the previous 4 plan years, as evidenced by documentation dated 05/08/2024 presented by the initiating party. This information is given minimal weight. The non-initiating party did not submit this information.

Certified IDR entities may request, and disputing parties may provide, additional information relevant to the submitted QPA. Certified IDR entities can consider such information when determining the appropriate payment amount for an item or service, to the extent such information does not include the prohibited factors identified in 26 CFR 54.9816-8T(c)(4)(v), 29 CFR 2590.716- 8(c)(4)(v), and 45 CFR 149.510(c)(4)(v) was evaluated. The non-initiating party provided per their submitted copies of previous Federal dispute resolution forms. This information is given no weight. The initiating party did not submit this information.

The QPA was given minimal weight.

After thorough review and careful consideration of all permissible information provided by both parties, the Initiating Party's offer best represents the value of this unique, qualified IDR item or service. Therefore, the Initiating Party is the prevailing party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Anthem Inc. is the non-prevailing party in DISP-6109851 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6109851 was PHI HEALTH, LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/24/2026
**IDR reference number:** DISP-6335546

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6335546** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$25,530.96** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 26013L005537HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $25,530.96

ANTHEM BLUE CROSS BLUE SHIELD FEP submitted an offer of $2,335.32

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's evidence supporting the population density at the point of pick-up added significant weight in reaching a payment determination. The Initiating party's credible evidence of the quality and outcome measurements was of substantial weight in this adjudication.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected to the "cooling-off" period applying to the disputed claim(s). The Non-Initiating Party should have submitted information regarding the following:
•the dispute number for the payment determination that initiated the 90-calendar-day cooling-off period and
•a copy of the payment determination that initiated the 90-calendar-day cooling-off period
However, the Initiating Party should have submitted documentation regarding the following:
•Documents proving the claim was already under a previous cooling-off period
•the previous dispute number for the cooling-off period
•an email and/ or determination from an IDRE stating the dispute is closed for cooling-off, and
•the date which the cooling-off period began and ended
•Proof of resubmission due to incorrect batching
After reviewing the documentation submitted, FHAS has determined that the "cooling-off" period does not apply, and the objection is overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by

the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that ANTHEM BLUE CROSS BLUE SHIELD FEP is the non-prevailing party in DISP-6335546 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6335546 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was ANTHEM BLUE CROSS BLUE SHIELD FEP. The 90-calendar day cooling off period begins on **June 24, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/25/2026
**IDR reference number:** DISP-6212739

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6212739** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025287R12133 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Both parties submitted information to be considered by the certified Independent Dispute Resolution (IDR) entity.

The Qualifying Payment Amount (QPA) was considered, along with information on the following additional factors consistent with 45 CFR 149.510:

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Initiating Party submitted information on the above factors: 1, 2, 3, 4, 5, 6, 7

Factor 1. The QPA for the applicable year for the qualified IDR item or service.

Factor 2. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

Factor 3. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

Factor 4. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

Factor 5. The air ambulance vehicle type, including the clinical capability level of the vehicle.

Factor 6. The population density of the point of pick-up.

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

Non-Initiating Party submitted information on the above factors: 7

Factor 7. Demonstrations of good faith efforts (or lack thereof) made by the Out of Network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years.

After considering the Qualifying Payment Amount (QPA) for the qualified services under dispute and the only the credible evidence submitted by both parties and requested by National Medical Reviews, it is National Medical Review’s determination that the prevailing party’s offer best represents the value of the qualified IDR services at issue in this dispute. Any information that was determined not to be credible was not considered or discussed in this decision.

For Factor 1, the QPA was considered and given moderate weight, in favor of the Non-Initiating Party.

The Initiating Party provided some information on Factor 2 as to the quality and outcomes measurements of the provider of the air ambulance services that furnished the services, minimal weight was attributed to this factor.

The member, suffering from a cardiac emergency at the time of transport, was picked up by air ambulance and transported to the hospital. Information was given on the acuity of the individual and the individual’s

condition requiring the necessity of air transport to the appropriate hospital. Moderate weight was attributed to Factor 3, with emphasis on the acuity of the individual and the complexity of the service provided, in favor of the Initiating Party.

As to Factor 4, moderate weight was given the level of training, experience, and quality of medical personnel of the providers as there was specific information that showed that the air ambulance staff in this case possessed a very high level of training or expertise, in favor of the Initiating Party.

The Initiating Party states that the ambulance vehicle type used was an Airbus Rotor Wing EC135P2+ (H135) aircraft (tail number N385PH). Moderate weight was placed on Factor 5 in favor of the Initiating Party.

For Factor 6, moderate weight was placed in favor of the Initiating Party on the density of the pick-up point as it was located in zip code 22843, with a population density of 78.03 people per square mile.

Regarding factor 7, on the issue of "Good Faith", in negotiating, both in contract negotiation and open negotiation on this specific matter, Initiating Party addresses this factor. The Initiating Party provided general information on amounts previously paid for air ambulance services by the Non-Initiating Party. This information was important in determining what the in-network rate might have been had good faith negotiations resulted in the out of network provider being in-network. Moderate weight is given to this factor.

It is the determination that the Initiating Party's offer, as above stated, best represents the value of the qualified IDR service at issue in this dispute. Therefore, National Medical Reviews has determined the Initiating Party has prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment

the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6212739 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6212739 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/25/2026
**IDR reference number:** DISP-6281221

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6281221** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026041FF5836 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $18,055.79

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0431 provided on or about January 23, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training,

experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6281221 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6281221 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/25/2026
**IDR reference number:** DISP-6281223

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6281223** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$27,132.33** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026041FF5836 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $27,132.33

Anthem Inc. submitted an offer of $17,408.64

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about January 23, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

Anthem argued that the QPA already reflects other NSA factors, such as training or quality. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no

presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6281223 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6281223 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/25/2026
**IDR reference number:** DISP-6281404

iMPROve Health has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6281404** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, iMPROve Health has determined that the out-of-network payment amount of **$15,635.58** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026028BU9290 under this dispute.

iMPROve Health based this determination on a review of the following:

PHI Health LLC submitted an offer of $15,635.58

Anthem Inc. submitted an offer of $6,688.07

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

According to the Federal No Surprises Act ("NSA") and its implementing regulations, the arbiter must select one of two proposed payment amounts while taking into account evidence submitted by both parties. Furthermore, the NSA prohibits the arbiter from considering certain factors, such as usual and customary charges, the amount the provider or facility would have billed in the absence of the NSA, or payment or reimbursement rates under the Medicare, Medicaid, Children's Health Insurance, or TRICARE programs. These prohibited factors have not been considered.

After considering the qualifying payment amount ("QPA") for the items or services under dispute and all of the evidence submitted by both parties, it is the arbiter's determination that the initiating party's offer best represents the value of the items or services at issue in this dispute. Therefore, the initiating party has prevailed.

This dispute involves air ambulance services with HCPCS code A0436 provided on or about January 19, 2026, with a pick-up location in Virginia.

The initiating party, PHI Health LLC ("PHI"), provided information or arguments about the following NSA factors:

1. The quality and outcomes measurements of the provider.

2. The acuity of the individual receiving such services or the complexity of furnishing such services to such individual.

3. The training, experience, and quality of the medical personnel that furnished such services.

4. Ambulance vehicle type, including the clinical capability level of such vehicle.

5. Population density of the pick-up location.

6. Demonstrations of good faith efforts (or lack of good faith efforts) made by the provider or facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider and the plan or issuer, as applicable, during the previous 4 plan years.

The non-initiating party, Anthem Inc. ("Anthem"), did not provide information or arguments about the NSA factors, and Anthem submitted an offer based on the QPA. However, the QPA generally represents a median and is indicative of a median provider's level of training, experience, and other characteristics. Although the QPA is probative and must be considered, the QPA does not necessarily reflect special characteristics or circumstances of the particular provider or claim at issue.

PHI submitted evidence showing the advanced, specialized training, quality, and experience of its professionals. Furthermore, PHI submitted evidence of special accreditation and awards, which further confirm its experience and quality. The arbiter finds that overall, in light of all the evidence and considering the two offers, PHI's offer best reflects the proper payment amount for this dispute.

All the NSA factors, including the QPA, were given consideration and appropriate weight based on the evidence and information presented. In resolving this dispute, the arbiter gave modest weight to training, experience, and quality and less weight to the other NSA factors, including the QPA, which was given no presumptive consideration but was considered along with the other factors. The arbiter duly reviewed and rejected all other arguments and evidence not expressly referenced herein. On balance, PHI's offer best reflects the appropriate payment amount for this claim.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. iMPROve Health has determined that Anthem Inc. is the non-prevailing party in DISP-6281404 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6281404 was PHI Health LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact iMPROve Health. Include your IDR Reference number referenced above.

Thank you,

iMPROve Health

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/25/2026
**IDR reference number:** DISP-6336165

Federal Hearings and Appeals Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6336165** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Federal Hearings and Appeals Services, Inc. has determined that the out-of-network payment amount of **$7,855.68** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 25311L002070HA under this dispute.

Federal Hearings and Appeals Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $7,855.68

Anthem Blue Cross Blue Shield FEP submitted an offer of $718.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**
After a complete and careful consideration of the totality of the evidence as promulgated in 45 CFR 149.510(c)(4) which does not include information on the prohibited factors described in 45 CFR 149.510(c)(4)(v), and after applying the No Surprises Act statutory provisions, PHI Health, LLC's offer best represents the value of the services that are the subject of this unique payment determination.

Both the Prevailing Party and the Non-Prevailing Party submitted an offer and credible information representing their valuation of the service(s) provided. FHAS found that the Prevailing Party's offer best represents the value of the out-of-network service(s) due to the submitted, credible information for the following factors:

The Initiating party's credible evidence of ambulance vehicle type, including clinical capabilities of vehicle, was of substantial weight in this adjudication. The Initiating party's evidence supporting the level of training and experience and/ or the quality and outcome measurements was of substantial weight in this adjudication. The Initiating party's evidence supporting prior contracted rates and good faith negotiations effort added significant weight in reaching a payment determination. The Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter. The Initiating party's credible evidence of patient acuity was of substantial weight in this adjudication. The Initiating party's credible evidence of the quality and outcome measurements was of substantial weight in this adjudication. The Non-Initiating party's documentation regarding additional information was of limited value in reaching a payment determination in this matter.

**Please note that while all factors are reviewed as required under 45 CFR 149.510(c)(4), the submitted evidence and information associated with the aforementioned factors demonstrated the prevailing party's offer best represents the value of the out-of-network service(s) in this particular case.**

The Non-Initiating Party objected that the Initiating Party had not submitted the open negotiation form timely. However, FHAS reviewed the timeline and found the Initiating Party proceeded within CMS guidelines. Therefore, the objection is overruled.

The Non-Initiating Party objected that the Initiating Party had exceeded the four-day timeline. Further review found the claim had been previously submitted and granted an extension or closed for:
•Cooling-off period
•Incorrect batching
•Administrative error on Initiation
Therefore, the dispute is eligible for untimely submission and the objection was overruled.

The Non-Initiating Party objected to not receiving claim information for the dispute or the items or services being submitted to the incorrect issuer. However, the claim information was entered into the CMS portal and submitted to the Departments and the Non-Initiating Party in a timely manner. Therefore, the objection was overruled.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Federal Hearings and Appeals Services, Inc. has determined that Anthem Blue Cross Blue Shield FEP is the non-prevailing party in DISP-6336165 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6336165 was PHI Health, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Blue Cross Blue Shield FEP. The 90-calendar day cooling off period begins on **June 25, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Federal Hearings and Appeals Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Federal Hearings and Appeals Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/26/2026
**IDR reference number:** DISP-6040685

Capitol Bridge, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6040685** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Capitol Bridge, LLC has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025141R11739 under this dispute.

Capitol Bridge, LLC based this determination on a review of the following:

PHI Health, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,532.83

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

Pursuant to the Federal No Surprises Act ("NSA") restrictions, the arbitrator is prohibited from considering certain factors and has not taken into account any prohibited information when making this decision such as usual and customary charges, the amount that would have been billed by the provider or facility with respect to the qualified IDR item or services had the provisions of 45 CFR 149.410, 149.420, and 149.440 (as applicable) not applied, or the payment or reimbursement rate or proportion of rates payable for items and services furnished by the provider or facility by a public payor including under the Medicare program under

title XVIII of the Social Security Act; the Medicaid program under title XIX of the Social Security Act; the Children's Health Insurance Program under title XXI of the Social Security Act; the TRICARE program under chapter 55 of title 10, United States Code; chapter 17 of title 38, United States Code; or demonstration projects under Section 1115 of the Social Security Act.

The decision contained herein, consistent with the NSA and its associated regulations, rests on a complete evaluation of the evidence and briefing submitted. In reaching this decision the arbitrator weighed all permissible evidence including: the QPA submitted, the offers submitted by both parties, supporting documentation relevant to the statutory determination factors, as well as all permissible information submitted by the parties. The QPA was considered and not given presumptive consideration.

In reviewing the above noted information, Capitol Bridge finds that the Initiating Party provided information related to the acuity condition of the patient and the complexity of providing services, specifically by submitting a copy of a run report reflecting the provision of A0431 air ambulance services for the patient presenting with shortness of breath. Here, the acuity of the patient increased the complexity of service through the necessity of time-sensitive treatment of the patient. A Rapid Sequence Intubation (RSI) was performed due to the decreasing loss of consciousness by the patient. As per the record, medical necessity entailed the administration of treatment and monitoring through a Physical Therapist Assistant. The acutely deteriorating clinical conditions in the form of circulatory and respiratory collapse entailed rapid transportation to a level 1 trauma center. The transportation to a level trauma center was 15minutes through the windy mountains compared to a ground transport of 55-60 minutes, which would have been detrimental to the patient needing time-critical intervention. Significant weight was given to this factor. As presented, this information made an impact on service and demonstrates that the Initiating Party's offer reflects the appropriate payment amount for this claim. Additionally, the Initiating Party provided information related to the training and experience of the medical personnel that furnished the air ambulance services, specifically by submitting a copy of a curriculum vitae showing that the rendering physician is board-certified emergency medicine physician and holds professional memberships at the American College of Emergency Physicians and the Air Medical Physicians Association with 27 years of experience. The experience of the rendering physician was vital in the management of the air ambulance patient. The Non-Initiating Party made an offer, a statement of ineligibility, and provided additional statements related to the factors to argue that the QPA is a reliable benchmark for payment, but this information did not adequately demonstrate that its offer reflects the appropriate amount of reimbursement for this specific service involving increased complexity of service.

In determining which offer best represents the value of this service, Capitol Bridge gave the highest weight to the information about the acuity condition of the patient and the complexity of providing services. Capitol Bridge gave less weight to the QPA.

Accordingly, it is Capitol Bridge's determination that the Initiating Party's offer best represents the value of the qualified IDR item(s) or service(s) at issue in this dispute. Therefore, Capitol Bridge has determined that the Initiating Party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Capitol Bridge, LLC has determined that Anthem Inc. is the non-prevailing party in DISP-6040685 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6040685 was PHI Health, LLC. The initiating party’s NPI is 1194066209 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Capitol Bridge, LLC. Include your IDR Reference number referenced above.

Thank you,

Capitol Bridge, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/26/2026
**IDR reference number:** DISP-6042566

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6042566** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025252R11494 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $12,952.48

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the patient suffered a fall from a tree approximately 25 feet, landing on his feet and causing him traumatic injuries.

2. A statement that the patient was transported a total of 50 loaded and unloaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 25 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized a Bell Rotor Wing.

7. A statement that the point of pickup is inside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 60 minutes by ground versus 22 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $12,952.48 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $8,532.83, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6042566 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6042566 was PHI HEALTH, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 26, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6043050

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6043050** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025289R10758 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $8,804.56

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $42,009.05 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $42,009.05 and provided the following information:

1. A statement that the patient was suffering from a heart attack.

2. A statement that the patient was transported a total of 44 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 57 minutes by ground versus 12 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $8,804.56 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $8,804.56, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $42,009.05 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6043050 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6043050 was PHI HEALTH, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6043052

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6043052** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$19,711.12** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025289R10758 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $19,711.12

Anthem Inc. submitted an offer of $2,964.06

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $19,711.12 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $19,711.12 and provided the following information:

1. A statement that the patient was suffering from a large splenic hematoma and anemia secondary to a fall.

2. A statement that the patient was transported a total of 44 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider’s helicopter air ambulances were safely airborne in approximately 13 minutes after the provider’s flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 57 minutes by ground versus 12 minutes by air.

9. A statement that the initiating party’s record of their good faith efforts to enter network agreements supports the provider’s offer.

10. A curriculum vitae details the provider’s education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $2,964.06 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $1,976.04, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $19,711.12 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6043052 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6043052 was PHI HEALTH, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6065285

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6065285** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$7,167.68** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025275CM7151 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $7,167.68

Anthem Inc. submitted an offer of $1,077.84

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party's offer of $7,167.68 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI HEALTH, LLC, provided an offer of $7,167.68 and provided the following information:

1. A statement that the patient was suffering from a stroke.

2. A statement that the patient was transported a total of 16 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 57 minutes by ground versus 12 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $1,077.84 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $718.56, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $7,167.68 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6065285 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6065285 was PHI HEALTH, LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6077026

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6077026** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026026DJ9990 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $18,055.79

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $43,123.60 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $43,123.60 and provided the following information:

1. A statement that the patient was suffering from a heart attack.

2. A statement that the patient was transported a total of 50 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized a Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 58 minutes by ground versus 29 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $18,055.79 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $18,055.79, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $43,123.60 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6077026 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6077026 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6077028

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6077028** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$22,993.50** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026026DJ9990 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $22,993.50

Anthem Inc. submitted an offer of $14,753.08

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $22,993.50 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $22,993.50 and provided the following information:

1. A statement that the patient was suffering from a pediatric traumatic arm injury.

2. A statement that the patient was transported a total of 50 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Airbus Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 58 minutes by ground versus 29 minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $14,753.08 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $9,835.39, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $22,993.50 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6077028 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6077028 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 06/30/2026
**IDR reference number:** DISP-6195306

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6195306** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$42,009.05** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025120R11153 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $42,009.05

Anthem Inc. submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This case is a non-participating air ambulance provider and health insurance issuer payment determination under the Federal Independent Dispute Resolution (IDR) process.

Both parties submitted offers in this case.

Based on the credible information submitted, the Initiating Party's offer was selected.

Both parties submitted offers to be considered by the certified IDR entity.

The Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services (given moderate weight),

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee (given significant weight),

The level of training, experience, and quality of medical personnel that furnished the air ambulance services (given significant weight),

The air ambulance vehicle type, including the clinical capability level of such vehicle (given moderate weight),

Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and

the plan during the previous 4 plan years (given significant weight), and

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited (given moderate weight).

The Non-Initiating Party submitted credible information with respect to:

The Qualifying Payment Amount (QPA).

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited (given moderate weight).

After a complete and careful consideration of the offers made by the parties, the QPA, and other credible additional information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination. The Initiating Party demonstrated how the information it provided regarding the members acuity and provider training in this case made an impact on the care that was provided or the appropriate out-of-network rate. The significant weight was given to information about the members acuity, air ambulance vehicle type and the provider's experience. Moderate weight was given to the QPA, contracting history and additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited. The credible information demonstrates that the Initiating Party's offer best represents the value of the air ambulance qualified IDR items or services in this unique payment determination case.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6195306 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6195306 was PHI Health LLC. The initiating party's NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **June 30, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 07/01/2026
**IDR reference number:** DISP-6121023

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6121023** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$43,123.60** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2026051EU8045 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $43,123.60

Anthem Inc. submitted an offer of $18,055.79

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $43,123.60 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $43,123.60 and provided the following information:

1. A statement that the patient was suffering from a heart attack.

2. A statement that the patient was transported a total of 12 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider's helicopter air ambulances were safely airborne in approximately 13 minutes after the provider's flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized an Bell Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that ground transport estimated travel time of 21 minutes by ground versus nine minutes by air.

9. A statement that the initiating party's record of their good faith efforts to enter network agreements supports the provider's offer.

10. A curriculum vitae details the provider's education and extensive experience.

11. Clinical documentation details the transport and the care provided.

12. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $18,055.79 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The submitted documentation does not include additional information related to one of the six circumstances.

In reviewing the QPA, which was $18,055.79, and the above-noted information submitted by both parties, C2C finds that the initiating party submitted information, which includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, with review of the six circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $43,123.60 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined that the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6121023 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6121023 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **July 1, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**Payment determination date:** 07/01/2026
**IDR reference number:** DISP-6121024

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-6121024** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$5,518.44** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 2026051EU8045 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $5,518.44

Anthem Inc. submitted an offer of $3,540.73

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $5,518.44 best represents the value of the qualified IDR service, rotary wing air mileage, per statute mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health LLC, provided an offer of $5,518.44 and provided the following information:

1. A statement that the patient was suffering from a heart attack.

2. A statement that the patient was transported a total of 12 loaded miles.

3. A statement that the provider is an independent air ambulance provider that employs more than 500 employees. The provider operates 81 air ambulance bases across 16 states using 114 planes and helicopters.

4. A statement that the provider’s helicopter air ambulances were safely airborne in approximately 13 minutes after the provider’s flight crew accepted the transport request.

5. A statement that the pilot has 30 years of flight experience, including four years flying air ambulances for the provider. The flight crew that provided clinical care holds many critical care licenses and certifications.

6. A statement that the provider utilized a Bell Rotor Wing.

7. A statement that the point of pickup is outside a metropolitan statistical area. Furthermore, air transport from the pick-up location was significantly faster than any ground-based alternative.

8. A statement that the initiating party’s record of their good faith efforts to enter network agreements supports the provider’s offer.

9. A curriculum vitae details the provider’s education and extensive experience.

10. Clinical documentation details the transport and the care provided.

11. The initiating party submitted additional documentation with their offer package. This material was reviewed; however, it did not contain sufficient substantive information to support one of the additional factors.

The non-initiating party, Anthem Inc., provided an offer of $3,540.73 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to one of the circumstances.

In reviewing the QPA, which was $2,360.49, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the six circumstances. In this instance, the non-initiating party did not provide information related to at least one of the six circumstances or supporting records. The information submitted by the initiating party is compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party’s evidence, including the review of the circumstances specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C’s determination that the initiating party's offer of $5,518.44 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-6121024 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-6121024 was PHI Health LLC. The initiating party’s NPI is 1194066209. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on **July 1, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*